## Case No. 4,625.

### FALLECK v. BARNEY.

[5 Blatchf. 38.][1]

Circuit Court, S. D. New York. Feb. 12, 1862.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

Martin V. B. Wilcoxson, for plaintiff.

E. Delafield Smith, Dist. Atty., for defendant.

SHIPMAN, District Judge (charging jury). The first point raised by the plaintiff is. that, when the collector had instituted proceedings to forfeit the property, and failed, his power was exhausted, and he could not then legally exact the twenty per cent. additional duty. But I do not think this position can be sustained. The exaction of the twenty per cent., when the appraised value exceeds, by ten per cent. or more, the value at which the property was invoiced and entered, is imperative on the collector. He has no discretion in the matter. The law fixes his duty. The seizure of the property and the determination of the proceedings in the district court in favor of its owner, cannot affect the question.

But, if this were a valid objection to the exaction of the additional duty, it should have been stated in the protest. It has been repeatedly decided, that no objection can be made, in an action of the present character, to the validity of the duties demanded, which is not distinctly and specifically set forth in the protest. The protest, in this case, does not allude to the matter now set up, as one of the grounds of objection to the payment, and, therefore, it cannot be urged on this trial. The statute which requires the grounds of objection to the payment to be set forth in the protest, applies to this additional twenty per cent., as well as to the ordinary rate of duty. This is well settled.

We must look, then, to the protest alone, for the grounds upon which the plaintiff's case rests. The protest objects to the validity of the appraisement, on the ground that the appointment of the merchant-appraiser was made by a deputy or acting collector, and that the oath was administered to such appraiser by him. But, it was held in U. S. v. Barton [Case No. 14,534] that a deputy collector was a permanent officer of the customs and could lawfully perform the duties of the collector. I see no reason to distrust that decision, especially as it seems to have been generally acquiesced in, and the practice under it has become universal.

The protest also raises the point that the person who acted as merchant-appraiser was not a discreet or experienced merchant, within the true intent and meaning of the act of congress. It is a sufficient answer to this objection, that it comes too late. The importer who sought the re-appraisement was present, or had notice to be present, at the time and place when and where the goods were to be appraised, and should have made his objections to the qualifications of the appraiser then, if at all. As he did not do so, he must be deemed to have waived them, and cannot now set them up.

The defendant is entitled to your verdict.