CHADWICK and others *v.* THE UNITED STATES.

(*Circuit Court, D. Massachusetts.* September 30, 1880.)

1. COLLECTOR'S BOND—COPY—AUTHENTICATION.—The copy of a collector's bond is sufficiently authenticated by the certificate of the secretary of the treasury, in a suit upon the bond, where the original was in the custody of that department, and was wholly disconnected from the transcript certified by the register of the treasury.

2. SAME—CONDITION NOT SPECIFIED IN ACT OF CONGRESS.—The addition of a condition, not specifically named in the act of Congress, that the obligors shall not be liable if each and every deputy appointed by the collector shall truly and faithfully execute and discharge all the duties of such deputy collector according to law, does not relieve the sureties from liability.

3. SAME—TRANSCRIPT OF ACCOUNT—EVIDENCE.—A certified transcript of the account of the collector is admissible in evidence in a separate action against the sureties.

4. SAME—SURETIES—SUBSEQUENT LEGISLATION.—Sureties upon a collector's bond are liable for charges for unaccounted stamps, although the collector was not liable to account for such stamps at the date of the bond.

5. SAME — QUARTERLY RETURN — AUTHENTICATION — ASSISTANT SECRETARY OF THE TREASURY.—An assistant secretary of the treasury is duly authorized to authenticate one of the quarterly returns of a collector of internal revenue.

6. SAME—EVIDENCE.—Evidence is admissible, in a suit upon the bond, to show that the collector received money to await the result of an attempt to compromise, and that the same was retained by him.

7. SAME—SAME—PRINTED REGULATIONS.—In such suit the printed regulations of the treasury, in the form of a circular, were admissible in evidence, when it was shown that a duplicate copy of the same was found in a book kept by the collector, in which a large number of treasury circulars from the commissioner were pasted.

8. SAME—SAME—PUBLIC MONEY.—The sufficiency of evidence, to establish the fact that money received by the collector had become public money, must be determined by the jury and not by the court.

9. SAME—SAME—ADDITIONAL BOND.—The question whether an additional bond, executed by the collector at the request of the commissioner, is a substitute or strengthening bond, should properly be left to the jury.

10. SAME—SAME—LETTER TO COMMISSIONER.—The contents of a letter from the collector to the commissioner can only be proved by a copy of the same, duly certified from the treasury department.

11. SAME—SAME—NOTICE TO PRODUCE LETTER.—When a letter is in court, and in the possession of the opposite party, the notice to produce may be given at the trial, and, if so given, is in season to allow parol evidence of its contents.

*A. B. Wentworth*, for plaintiffs in error.

*George P. Sanger*, for defendants in error.

CLIFFORD, C. J.   Collectors of internal revenue, before they enter upon the duties of their offices, are required to execute a bond in such an amount as the commissioner shall prescribe, with not less than five sureties, to be approved by the solicitor of the treasury, conditioned that the collector shall faithfully perform the duties of his office according to law, and shall justly and faithfully account for and pay over to the United States,   *   *   all public moneys which may come into his hands or possession.   Provision is also made that such bond shall be filed in the office of the first comptroller of the treasury, and the requirement is that the collector shall, from time to time, renew, strengthen, and increase his official bond, as the secretary of the treasury may direct, with such further conditions as the commissioner shall prescribe.   13 St. at Large, 225;  Rev. St. § 3143.   Authority is given to such collector to appoint as many deputies as he may think proper, to be by him compensated for their services; and he may require such an appointee to give bond, and may revoke the appointment whenever he pleases, giving due notice to the commissioner.   Id.;  Rev. St. § 3148.   Sufficient appears to show that the defendants in the court below were sureties on the official bond set forth in the record, which was given by the principal to the plaintiffs as collector of internal revenue.   Default having been made by the principal, the plaintiffs instituted the present action against his sureties to recover the amount of public moneys in the hands of the principal which he failed to pay over as required by the terms of the bond.   Service was made, and the defendants appeared and set up the several defences specified in their pleadings. Issue being joined, the parties went to trial in the district court, and the verdict and judgment were in favor of the plaintiffs.   Exceptions were filed by the defendants, and they sued

out the present writ of error. Since the cause was entered here, the defendants below have filed the following assignment of errors: (1) that the court erred in admitting the bond in evidence; (2) that the court erred in ruling that the action could be maintained against the sureties, and in overruling the objections of the defendants that it could not, inasmuch as it contains requirements not specified in the act of congress; (3) that the court erred in admitting the transcript from the treasury department as evidence in the case; (4) that the court erred in allowing the plaintiffs to prove certain acts of the collector as breaches of the bond; (5) that the court erred in admitting a copy of the quarterly return of the collector to the treasury department, as certified by the assistant secretary; (6) that the court erred in ruling that the act of the deputy collector in receiving money to await the result of an offer of compromise in the case specified was competent to charge the sureties as for the default of the collector; (7) that the court erred in admitting as evidence the printed regulations of the treasury, as there was no evidence that it had ever been seen by the collector; (8) that the court erred in admitting the evidence to charge the defendants with the money of Jutz, as a reception of public money; (9) that the court erred in leaving the question to the jury whether the additional bond was a substitute or a strengthening bond; (10) that the court erred in not admitting secondary evidence of the letter described in the transcript; (11) that the court erred in allowing the plaintiffs to inquire of the witness as to the contents of a letter received from the office of the commissioner.

1. Had the bond been annexed to the transcript, it might properly have been certified as a part of it by the register of the treasury. Rev. St. § 886. But it was not, and for that reason falls within a prior section, which provides that copies of any books, records, papers, or documents in any of the executive departments, authenticated under the seals of such departments, respectively, shall be admitted in evidence, equally with the originals thereof. Rev. St. § 882. Documents of the kind are not in the possession of the register, nor has

he anything to do with them in a case like the present. Instead of that, they are papers or documents in the immediate custody of the treasury department, and the secretary, or the assistant secretaries, are the proper persons to authenticate copies of the same under the seal of the department. *U. S.* v. *Barton,* Gilpin, 439; *Falleck* v. *Barney,* 5 Blatchf. 38. Cases are referred to where it is held that the copy must be authenticated by the certificate of the register, and that may still be the better rule where the paper or document is annexed to, or forms a part of, the transcript; but it cannot be held that the certificate of the secretary of the treasury is insufficient where it appears that the paper in question was in custody of that department, and is wholly disconnected from the settlement of the account embraced in the transcript evidenced by the certificate of the register. *Smith* v. *U. S.* 5 Pet. 291. Congress provided, at a very early period, that the secretary of state shall cause a seal of office to be made of his department, and that all copies of records and papers in the office, authenticated under the said seal, shall be evidence equally as the original record or paper. 1 St. at Large, 69. Copies of records and papers deposited in that office were, ever after the passage of that act, authenticated by the incumbent of the office, under the seal of the department. Power to authenticate copies of certain records, papers, and documents was, by a subsequent act, extended to all the heads of department, and to the solicitor of the treasury, and the provision is that such copies may be read in evidence in all courts. 9 St. at Large, 350. Unlimited provision was made by a still later act, that all books, papers, documents, and records in the department of the interior may be copied, and certified under the seal of the department, in the same manner as in the other executive departments, and with the same force and effect. 10 St. at Large, 297. Taken together, these several provisions, including the section of the Revised Statutes referred to, show, beyond doubt, that the copy of the bond was duly authenticated, and that it was properly admitted in evidence, which fully disposes of the objection that the court

v.3,no.13—48

erred in refusing to require the plaintiffs to produce the original bond.

2. Both parties used the certified copy of the bond during the trial, but the defendants objected to its admission in evidence, because it contains the condition, in addition to those specifically named in the act of congress, that the obligors shall not be liable, if each and every deputy appointed by the collector shall truly and faithfully execute and discharge all the duties of such deputy collector according to law; the argument being that a bond, though in all other respects correct, is not such a bond as the act of congress requires if it contains that provision. Law and justice concur that the collector is responsible for the acts and doings of his deputies, as they are his appointees, and the act of congress requires him to compensate them for their services. They are, in a certain sense, his agents; and, inasmuch as he is responsible for their acts, he may require every such appointee to execute to him a bond, with sureties, for the faithful performance of his duties. Whether such provision is or not contained in the bond of the collector, he is responsible for the acts and doings of his deputies; and I am of the opinion that the provision is justified by the due construction of the act of congress, and that the objection is without merit. Suppose it were otherwise, still the objection to the ruling of the court cannot prevail, as it is shown that the bond, even though not authorized by the act of congress, would be valid as a common-law contract. *U. S.* v. *Tingey*, 5 Pet. 114, 128; *U. S.* v. *Bradley*, 10 Pet. 343–362; *Tyler* v. *Hand*, 7 How. 573–583; *U. S.* v. *Hodson*, 10 Wall. 395, 406.

3. Due settlement of the account of the collector had been made by the accounting officers of the department, and the plaintiffs offered the certified transcript of the same in evidence, to which the defendants objected, insisting that the transcript is not competent evidence in this case, which is an action against the sureties, without joining the principal. Sureties are clearly liable for the defaults of the principal, to the extent that the same are covered by the official bond;

and, if so, it is too plain for argument that the admissions of the principal, made in his official returns, are evidence to prove his official default; and, if so, it cannot make any difference in a controversy with the United States, under the present act of congress, whether the action is against principal and surety, or is a separate action against the sureties. *Bank* v. *Smith*, 12 Allen, 243–244. Treasury transcripts are admissible as evidence "when suit is brought in any case of delinquency of a revenue officer or other person accountable for public money." Rev. St. § 886; *U. S.* v. *Cutter*, 2 Curtis, 617–628; *Bruce* v. *U. S.* 17 How. 437; *U. S.* v. *Gaussen*, 19 Wall. 198, 213.

4. Subsequent to the date of the bond in suit congress passed an act requiring stamps to be prepared for distilled spirits, tobacco, snuff, and cigars, and authorized the commissioner to issue the same to any collector, upon his requisition, in such numbers as should be necessary for the district of such a collector. 15 St. at Large, 137, 151. Stamps of the kind were issued to the collector in the form of books, containing tax-paid stamps, and the stamps were charged to the collector at their full value. Monthly returns of the stamps issued to distillers were required to be made by the collector to the commissioner. Id. 138. Charges for such stamps not accounted for were contained in the claim of the plaintiffs, and when they offered proof to sustain the charge the defendants objected to its admissibility, and requested the court to rule that the sureties in the bond were not liable for such a charge, as the collector was not required to perform any such duty at the date of the bond. Such a bond is given for the protection of the government, and the sureties, as well as the principal, covenant that the collector "shall truly and faithfully execute and discharge all the duties of the said office, according to law; and that he shall justly and faithfully account for and pay over to the United States, in compliance with the orders and regulations of the secretary of the treasury, all public moneys which may come into his hands or possession." Much discussion of this topic is quite unnecessary, as the authorities everywhere show that

the views of the defendants cannot be sustained.  *U. S.* v. *Powell,* 14 Wall, 493, 501; *Postm. Gen.* v. *Munger,* 2 Paine, 189; *White* v. *Fox,* 22 Me. 341; *People* v. *Vilas,* 36 N. Y. 459, 465; *King* v. *Nicholas,* 16 Ohio St. 80; *U. S.* v. *Gaussen,* 97 U. S. 584; *U. S.* v. *McCartney,* 1 FED. REP. 104; *U. S.* v. *Singer,* 15 Wall. 111.

5. Official accounts of a collector must be settled by the proper officers of the treasury department; and, when duly settled, a transcript of the same may be certified by the register of the treasury under the seal of the department; but one of the quarterly returns of the collector was certified by the assistant secretary of the treasury, and when it was offered in evidence by the plaintiffs the defendants objected to its admissibility, and now assign for error the ruling of the court in admitting the document to be read to the jury.  All admit that it might have been authenticated by the secretary of the treasury, and, if so, it is clear that the certificate of the assistant secretary, under the seal of the department, is equally regular and valid.  Assistant secretaries in the treasury department are appointed under the authority of an act of congress, with power to perform such duties in the office of the head of the department as he may prescribe, or as the law directs.  9 St. at Large, 396; Rev. St. § 245.  Extensive duties are assigned to such, and in case of the death, resignation, absence, or sickness of the secretary, the proper assistant is required by law, unless otherwise directed by the president, to perform all the duties of the department until a successor is appointed, or such absence or sickness shall cease.  Rev. St. § 177.  Nothing appearing to the contrary, the legal presumption is that the certificate was made in pursuance of a lawful authority, and, being under the seal of the department, it is sufficient to show that the ruling of the court is correct.

6. Money was received by the collector to await the result of an attempt to compromise, and was retained by him. Evidence to prove that fact was offered by the plaintiffs, to which the defendants objected, insisting that the money was not public money; but the court overruled the objection and

admitted the testimony, which ruling is the basis of the present assignment of error. Whether the collector received the money, and, if so, whether he retained it, were questions of fact for the jury; and, in order to enable them to determine these, it was clearly proper to admit the evidence, and they having found in favor of the plaintiffs, that finding is conclusive.

7. Department regulations are frequently printed in the form of circulars, and furnished to collectors for their instruction and guidance in the performance of their duties. Such a regulation was offered in evidence by the plaintiffs; and having been admitted by the court, subject to the objection of the defendants, the ruling of the court is made the foundation of the seventh assignment of errors. Sworn testimony showed that a duplicate copy of the same was found in a book kept by the collector, in which large numbers of treasury circulars from the commissioner were posted, which the deputy collector turned over to the successor of the collector appointed in his place. Deposits of the kind, in cases arising under the revenue laws, are received by the collector in his official character, and the regulations of the department require him to place the same to the order of the secretary, in the office of the assistant treasurer, as soon as it is received. Plainly, his sureties contracted that he would comply with that regulation. By the verdict, it is established that he did not do so in either of the cases mentioned. Beyond all question the money became public money the moment the offer of compromise was accepted, within the true intent and meaning of the bond executed by the sureties. Nor is it doubted that all the obligors in the bond would have been liable even if the offer of compromise had not been accepted; but it is not necessary to decide that point, as the jury were fully warranted in finding that both the offers were accepted.

8. Two cases of the kind are mentioned in the record, and in respect to the last, the plaintiffs called the deputy collector, who testified that the person therein named came to him and said that he was charged with a criminal offence under the revenue law, which he wished to settle; that he wished to

deposit $250 to await the offer of compromise; that he, the witness, took the money, gave the party a receipt for it, and put it in the collector's safe with the other money; that he made a memorandum of it, and from whence it came, and that the same night he handed the whole bundle of money to the collector, at the hour the collector was accustomed to deposit his money; which is all the account given of what became of the money, nor did the evidence state what was the result of the offer of compromise. Seasonable objection was made by the defendants that the evidence was not sufficient to show that the money became public money, or to establish their liability, but the court ruled that they were liable if the collector received and appropriated the money, which ruling constitutes the basis of the eighth assignment of errors. None can successfully deny that the evidence tended to prove the issue, and, if so, the question of its sufficiency was for the jury, and not for the court. Matters of law only are subject to re-examination under a writ of error. If the collector received the money, and appropriated it to his own use, he is clearly liable as for public money, as it is plain that he received it in his official character; and, if so, it is equally certain that his sureties are liable in this action, as they contracted that he should justly and faithfully account for and pay over to the plaintiffs all public money that came into his hands or possession.

9. Notice was given to the collector by the commissioner that he must execute and forward to the office, at the earliest practicable moment, an additional bond as collector, in the sum of $100,000. Pursuant to that notice, the collector executed such a bond, and procured it to be signed by five sureties, two of whom were the same as those on the bond in suit. Affidavits, in proper form, as to the responsibility of the sureties, were annexed, and the same were forwarded to the department, but nothing was heard from the bond, and no communication was had concerning the same. Proof was given by the defendants that the deputy of the collector, after the suit was commenced, saw both bonds in the office of the comptroller, and that he read the same sufficiently to see that

they were alike. Rebutting evidence was given by the plaintiffs of a clerk who testified that he, within six months after that, made a list of the bonds in that office, and that his list contains no such bond; that just before the trial he made search for it in the office, and could find nothing of it, or of the letter in which it was forwarded. He also testified that there was a style of bond technically known in the department as an additional or strengthening bond, which was required and given when the one on file was not deemed sufficient, but that it did not supersede the old bond. Both parties resting, the defendants requested the court to instruct the jury that if the collector filed a new bond, with new sureties in a like penalty, which the department accepted, that the sureties in the old bond were discharged from that date; but the court left it to the jury to determine whether the new bond was a substitute bond or a strengthening bond, and instructed them that, if it was a strengthening bond, the sureties were not released, telling them at the same time that, if it was a substitute bond, the views of the defendants were correct. Exceptions were taken, and the rulings of the court in that regard are called in question by the ninth assignment of errors. Strengthening bonds are recognized in certain acts of congress. 13 St. at Large, 225; 17 St. at Large, 403. Neither party exhibited any evidence to show that there is any such difference in the form or provisions of the two bonds as would enable the court to decide, as matter of law, whether the new bond was a substitute bond or a strengthening bond, sometimes called an additional bond. Testimony to that effect is entirely wanting, and, in the absence of all such testimony, it is impossible to decide that the ruling of the court, in leaving the question to the jury, is erroneous. Substitute bonds discharge sureties on the old bonds from the time the new bond is accepted. Strengthening bonds do not have that effect, as all agree. Viewed in the light of these suggestions, it is clear that the assignment of error must be overruled.

10. Oral evidence was introduced by the defendants showing that two of the sureties in the bond became dissatisfied,

and that they procured the collector of the customs to write a letter to the commissioner asking that they might be relieved as such sureties. They, the defendants, claimed that they had given notice to the plaintiffs to produce that letter, which not having been produced, they proceeded to inquire of the witness what were the contents of the letter; but the court excluded the question, and ruled that the contents could only be proved by a copy of the same, duly certified from the treasury department, which ruling is the foundation of the tenth assignment of error. Communications addressed to the commissioner, if of an official character, are filed when received in the proper office of the treasury department, and become papers or documents within the meaning of the act of congress, which provides that copies of papers and documents in any executive department, authenticated under the seal of the department, shall be admitted in evidence equally with the original. Rev. St. § 882. Papers of the sort, when filed in the proper office, says Mr. Justice Miller, become part of the records and archives of the office, and the law is well settled that in such a case the original need not be produced in any trial, but that copies of the same, certified by the officer in whose possession the original property is, may be used with the same effect as the original. If the government needs such a copy the district attorney will produce it if he proposes to use it at the trial; or if the other party wants to use it the law provides the means by which it can be obtained. Duly authenticated copies are the best attainable evidence in such a case, and must be produced unless some sufficient reason is shown for not doing so, and he adds that the government is not bound to furnish either the originals or certified copies to suitors with whom they are contending, unless upon demand at the proper office and tender of the lawful fees. *Barney* v. *Schmeider*, 9 Wall. 248, 253.

11. Enough appeared to show that the letter from the collector of the customs to the commissioner could not be found, but the defendants did not offer to prove its contents. Parol testimony was given subsequently respecting the bond, and, on cross-examination of the first-named defendant, he was

asked if he received an answer to that letter from the commissioner, to which he replied that he did; and in reply to the interrogatory where it was, he said it was in court in the hands of his counsel. Immediate request was made by the plaintiffs of his counsel to produce the letter, which he refused to do, and the plaintiffs gave evidence of its contents, subject to the objection of the defendants, which is the foundation of the last assignment of error. When the paper in question is in court, and in the possession of the opposite party, the notice to produce may be given at the trial, and, if so given, is in season to allow parol evidence of its contents. *Dwyer* v. *Collins*, 7 Exch. 638, (639;) 1 Taylor's Ev. (6th Ed.) 449, § 426; 1 Greenl. Ev. (13th Ed.) 561.

Tested by these several considerations, it is clear that the rulings of the court below are correct, and that there are no errors in the record.

Judgment affirmed.