## DAVIS *v.* BUTLER.

An abandonment of property determines the right of the party thereto from the date of the act, and the property is to him as though he had never owned or occupied it.

In an action for a mining claim, when the defendant asked for an instruction to the jury "that if the plaintiff had abandoned the claim and did not intend to return and work it before the commencement of the suit," and the Court gave the instruction "subject to the seventeenth section of the Statute of Limitations," *Held* that the qualification to the instruction was error.

Abandonment may arise from a single act, or a series of acts; and a party, having once abandoned his claim, will not be permitted to come in within the time allowed for commencing civil actions, to re-assert his right or resume his claim, to the prejudice of those who may have in the mean time appropriated it.

APPEAL from the County Court, County of Amador.

This was an action brought before a justice of the peace to determine the right to a mining claim, and carried by appeal to the County Court.

Davis v. Butler.

In the Court below, the defendant asked for an instruction, which was given, subject to a qualification as set forth in the opinion of the Court. The jury found a verdict for plaintiff, and judgment was entered accordingly. Defendant appealed.

*Smith & Hardy* for Appellant.

If a party abandon his claim or privilege in or to anything, he loses control over it, and has no rights afterward and it may be taken by any one, no matter whom. French v. Baintree Man. Co., 23 Pick., 216.

If A, being the owner of property, abandon it, he loses all right of property in it. McGoon v. Ankeny, 11 Ill., 588.

The laws of abandonment in this State should be even stronger than elsewhere. Here few men have title, save by occupancy, and an abandonment of such a title is always more readily inferred than where titles are perfect and held by deed.

*Robinson, Beatty & Botts* for Respondent.

" Given, subject to the seventeenth section of the Statute of Limitations," etc., we suppose means that the law does not presume an abandonment, in a shorter period of time than that specified in the statute as the limitation to bringing an action for the recovery of personal property. Such, we think, is the law. A party may, in a moment, abandon property, but the abandonment must be shown by some act or circumstance clearly indicating the intent of the party. Our law does not presume abandonment of personal property in less than three years, the time limited in the seventeenth section of the Act of Limitations.

Mr. Chief Justice MURRAY delivered the opinion of the Court. Mr. Justice HEYDENFELDT and Mr. Justice TERRY concurred.

On the trial of this cause the following instruction was asked : "that if the jury found from the testimony that the plaintiff had abandoned his interest in the claim in controversy, and did not intend to return and work it before the commencement of this suit, he could not recover," which was given with this qualification : " subject to the seventeenth section of the Statute of Limitations, which permits an action to be brought for the recovery of personal property any time within three years."

The qualification was erroneous ; the inference of abandonment may arise from a single act, as well as from a series of acts, continued through a long space of time. It is a fact to be determined from the particular circumstances of the case. A party, after having abandoned his claim, will not be permitted to come in within the time allowed by the statute for commencing civil actions, and re-assert or resume his former interest, to the prejudice of those who may have afterwards appropriated it.

The statute was not designed to operate on such cases, giving a man a right for a term of years in the premises against his express wishes.

The abandonment determines the right of the party from the day of

the act, and the property is to him as though he had never owned or occupied it.

Judgment reversed and new trial ordered.