No. 14,962.

## HARSHBARGER ET AL. *v.* THE MIDLAND RAILWAY COMPANY.

RAILROAD.—*Construction of.—Damages.— Right of Action. — When and to Whom it Accrues.—Does not Descend to Heir.—Answer.*—In an action against a railroad company for the assessment of damages occurring by reason of the construction of a railroad across the lands of the plaintiff, which lands she inherited from her father and mother, an answer is good which pleads facts showing that the cause of action accrued long prior to the institution of plaintiff's suit, in favor of the then owner of the lands, and that the right to recover the damage vested in him at that time. The right of action accrued at the time when the ancestor might have maintained an action for the damages or instituted proceedings to have had his damages assessed. This he could have done as soon as the grade was completed through the land connecting with and constituting one continuous road-bed for many miles on either side of the land as shown by the finding of facts. Such a right is a chose

131  177
135  102
131  177̄
153  32

131  177
e170  58

in action and does not descend to the heir as an incident to the real estate.

SAME.—*Evidence.*— *When Proper to Strike Out.*—In such an action it was not error for the court to strike out and take from the consideration of the jury certain evidence given on the trial with reference to the administration and settlement of the estate of plaintiff's father, the complaint proceeding upon the theory that the plaintiff claimed the right. to have the damages assessed on account of being the owner of the real estate, and not upon the theory that her father owned the land at the time the cause of action accrued, and that the chose in action descended to her because she was the only child.

From the Montgomery Circuit Court.

*J. Wright* and *J. M. Seller*, for appellants.

*T. F. Davidson*, for appellee.

OLDS, C. J.—This proceeding was commenced by the appellants, Mary M. Harshbarger and Jacob M. Harshbarger, her husband, against the appellee for the assessment of damages occurring by reason of the construction of a railroad across the lands now owned by the said appellant, Mary M., which lands she inherited from her father and mother.

The alleged errors discussed are, that the court erred in sustaining appellee's motion for judgment on the special verdict; that the court erred in overruling appellants' demurrer to the second, seventh, eighth and thirteenth paragraphs of appellee's answer; and that the court erred in overruling appellants' motion for a new trial.

The facts found in the special verdict are, that the appellant, Mary M. Harshbarger, is now and was, on the 24th day of April, 1888, the owner in fee and in the full possession of the tract of land across which the railroad is constructed, particularly describing it; that she has been the owner of and in possession of the same since the year 1876; that one Henry Myers was the owner of said land and in the possession of the same continuously for more than twenty years immediately prior thereto; that Henry Myers died December 27th, 1875; that Hannah Myers, widow of Henry, died January 5th, 1876; that the said appellant, Mary M., was

the only child and sole heir of the said Henry and Hannah Myers; that in 1871 the Anderson, Lebanon and St. Louis Railroad Company surveyed a line of a proposed railway over and across said tract of land; that in 1873 said railway company entered upon said lands and built a grade upon and across the same, occupying for said purpose a strip of land one hundred feet in width, particularly describing it; that the appellee is the successor of the Anderson, Lebanon and St. Louis Railway, having become the owner of all its rights and franchises by the purchase at a foreclosure sale; that in 1887 the appellee entered upon the said lands, and said strip, and restored the grade theretofore existing, and laid down its ties and iron and has now, and had at the beginning of this proceeding, a railroad fully completed and in operation over and upon said land; that neither the appellee nor its predecessor ever obtained from Henry Myers, Hannah Myers or Mary M. Harshbarger any release of the right of way over and across said land; that neither the appellee nor its predecessor ever obtained from Henry Myers or any owner or part owner of said land any lease, license or permission to enter and appropriate said lands; that the strip of land so appropriated was, on the 24th day of April, 1888, of the value of $500; that the damages to the residue of said land were, on said 24th day of April, 1888, $1,075; that no part of said damages have ever been paid or tendered to the appellant or any person authorized to receive the same; that Jacob M. Harshbarger is the husband of the appellant, Mary M.; that the appellee, the Midland Railway Company, has accepted, ratified and adopted all the acts of its predecessor upon, about and concerning the lands in question; that said grade was a part of a completed and continuous grade for a distance of eighty miles on the east and seven miles on the west of said land; that Henry Myers had knowledge of the said work when it was being done and made no objection to the entry of said company on said lands, nor to the construction of said grade, except that

during the time said grade was being constructed said My-ers sent word to the contractor, that unless the fences on said land were kept up he would put them off the premises.

The facts in this special verdict show that the Anderson, Lebanon and St. Louis Railroad Company entered upon the land in 1873, during the lifetime of Henry Myers, the then owner, and constructed the grade of a railroad across it, which grade was a part of a completed grade of a railroad near ninety miles in length ; that the company entered upon the land, performed the work and constructed and completed the grade upon and across the land, with the knowledge and acquiescence of the then owner, Henry Myers ; that the An-derson, Lebanon and St. Louis Railway Company mortgaged the property of the company, including the road-bed, and the appellee became the owner of and succeeded to all the rights of the old company by a foreclosure sale.

We do not think it appears that there was any abandoning of the rights acquired by the old company, but that the ap-pellee took possession by virtue of its purchase as suc-cessor to the rights of the old company.

The recent decisions of this court are decisive of the ques-tions presented.

The cause of action accrued in favor of Henry Myers, when the grade of the road was completed in 1873, and he might have maintained an action for the assessment of all damages sustained by reason of the construction of the road, and the damages resulting from the future operation of the road as well as those accruing at the time by reason of the construction of the grade.

In the case of the *Indiana, etc., R. W. Co.* v. *Allen,* 100 Ind. 409, it is held that where a railroad company takes pos-session and builds its road upon the lands of another, with-out appropriation or condemnation as the statute provides, the damages then accrue to the owner, and a subsequent con-veyance of the whole tract gives to the grantee no right to any damages.

Harshbarger *et al. v.* The Midland Railway Company.

We do not think there was any error in overruling the demurrers to the answers.

The second paragraph pleaded the facts showing that the causes of action accrued in 1873, in favor of the then owner, Henry Myers, and the right to recover the damages vested in him at that time, which right it is said in *Indiana, etc., R. W. Co. v. Allen, supra,* is a chose of action, and it would not descend to the heir as an incident to the real estate, even if it were not barred by limitation. *Sherlock* v. *Louisville, etc., R. W. Co.,* 115 Ind. 22.

Each of the paragraphs of answer was good under the holding in the decisions above cited.

The next question discussed arises on the overruling of the motion for a new trial, and relates to the exclusion of certain evidence by the court.

The court struck out and took from the consideration of the jury, the evidence given on the trial with reference to the administration and settlement of the estate of Henry Myers.

The complaint, we think, proceeds upon the theory that there was an original entry upon the land by the appellee, and a construction of the railroad after the appellant, Mary M., became the owner and entered into the possession of the same, though there are some averments which might indicate that the pleader had in mind that if the claim for damages accrued in favor of Henry Myers at the time of the original entry by the Anderson, Lebanon and St. Louis Railroad Company, it would descend to the heir as an incident to the land, or that the heir would have a right to maintain an action for the damages, as the claim had been omitted from the administration of the estate of her father and mother, and such estates had been fully settled and the debts of each fully paid, but we think it is evident that the case proceeded upon the theory that the appellant claimed the right to have the damages assessed on account of being the owner of the real estate and not upon the theory that her father owned the land at the time the cause of action ac-

crued, and that the chose in action descended to her on account of being the only child. It is suggested by counsel for appellee that the special verdict was returned during the January term of the court, and the motion for a new trial was not made until during the March term, and that the verdict was not returned upon the last day of the January term, nor was the motion for a new trial filed on the first day of the March term, but we have omitted to consider this objection, as in any event there is no error in excluding the evidence.

We find no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed April 25, 1891.

## ON PETITION FOR A REHEARING.

OLDS, J.—The appellee in this case took possession of the right of way previously graded through the lands of Henry Myers, father of the appellant, Mary M. Harshbarger, by purchase under a decree of foreclosure as successors to the rights of the original company that took possession and graded the roadway. The damages accrued to Myers and the right of action existed in his favor in his lifetime.

It is the settled law of this State that such right of action is not transferred to a purchaser of the real estate by deed of conveyance without a special assignment of the right of action for damages for the previous appropriation by a railroad company of a right of way. *Sherlock* v. *Louisville, etc., R. W. Co.,* 115 Ind. 22; *Evansville, etc., R. R. Co.* v. *Nye,* 113 Ind. 223.

If as settled by the decisions of this court it is a right of action existing in the owner at the time of the appropriation, and the creation of a right of action separate and distinct from the land, so that the right of action for the damages does not pass by a conveyance of the land, it follows as a necessary result, that such right of action does not

descend to the heirs on the death of the ancestor. Under the decisions it is a chose in action recoverable by the administrator and not by the heir.

The right of action accrued at the time when the ancestor might have maintained an action for the damages or instituted proceedings to have had his damages assessed. This he could have done as soon as the grade was completed through the lands connecting with and constituting one continuous road-bed for many miles on either side of the land as shown by the finding of facts.

The finding of facts clearly shows such an appropriation and use of the land by the railroad company in entering upon, taking possession and grading as to make it a part of one continuous road-bed nearly one hundred miles in length as to clearly have given Henry Myers, the then owner, a right to have maintained an action for damages, or to have instituted proceedings to have his damages assessed.

Petition for a rehearing overruled.

Filed April 20, 1892.