CHASE et ux. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. April 12, 1921.)

No. 5474.

1. Indians ⊙⇒18, 27(1)—United States may enjoin interference with possession of restricted allotment.

Under Act June 25, 1910, c. 431, § 1 (Comp. St. § 4226), a determination by the Secretary of the Interior that a certain person was the widow of a deceased Indian who as such under the laws of the state had a life estate in his allotment, is conclusive, and interference with her possession or that of her lawful tenant may properly be enjoined at suit of the United States, where it holds the title in trust.

2. Indians ⊙⇒27(1)—United States as trustee may invoke equitable remedies.

The United States, in the execution of the trust under which it holds the title to restricted Indian allotments, is not remitted to the ordinary

legal remedies of ejectment and wrongful detainer for the protection of the possession of its wards, but may invoke the equity powers of the court.

Appeal from the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Suit in Equity by the United States, as trustee for Rose Wolf Setter, against Hiram Chase and wife. From an order granting a preliminary injunction, defendants appeal. Affirmed.

Hiram Chase, of Pender, Neb., and Wm. Ross King, of Omaha, Neb., for appellants.

Frank A. Peterson, Asst. U. S. Atty., of Omaha, Neb. (T. S. Allen, U. S. Atty., of Lincoln, Neb., on the brief), for the United States.

Before HOOK and CARLAND, Circuit Judges, and TRIEBER, District Judge

HOOK, Circuit Judge. [1] This is an appeal by Hiram Chase and his wife from a temporary injunction restraining them from interfering with the right of the United States, as trustee of Rose Wolf Setter, and the right of her approved lessee, to the possession and use of a tract of restricted Indian land in Thurston county, Neb., and from entering and trespassing thereon. The question is whether injunction lies in a case like that set forth in the complaint.

The land was allotted in 1902 to Reuben Wolf, an Indian member of the Omaha Tribe, and a trust patent was issued, which provided that the United States would hold the land for a specified period (not yet expired) for the use and benefit of the allottee, or, in case of his death, of his heirs according to the Nebraska laws. The allotee having died in 1899 the Secretary of the Interior determined that certain persons were his heirs, and that their interests as such were subject to a life estate in Rose Wolf Setter, the widow. The Secretary had jurisdiction to determine the heirship and his finding was final and conclusive. 36 Stat. 855; Dixon v. Cox, 268 Fed. 285 (8th C. C. A.). The widow leased the land to a person named and the lease was approved under rules prescribed by the Secretary upon the authority of the statute cited.

[2] The defendants Chase, claiming that the decision of the Secretary was wrong, physically obstructed the lessee in taking possession and enjoying the lease. The injunction restraining them from continuing that conduct followed. It is very plain that under the circumstances recited injunction was a proper remedy. For the protection of the United States in the execution of its trust powers, the performance of its duties to its Indian wards, and the exercise of the exclusive jurisdiction of the Secretary of the Interior in respect of the approval of leases during the restricted period against obstruction and trespass, the United States is not remitted to the ordinary legal remedies of ejectment and wrongful detainer. Those remedies would be quite inadequate to the ends sought. See Light v. United States, 220 U. S. 523, 31 Sup. Ct. 485, 55 L. Ed. 570.

The order is affirmed.