FREDERICK, Appellant, v. ROCK ISLAND SAVINGS
BANK, et al, Respondents.

(184 N. W. 234.)

(File No. 4374. Opinion filed August 31, 1921. Rehearing denied
November 22, 1921.)

**Quieting Title—Indian Lands—Plaintiff, Alleged Daughter of Decedent's Husband, Defendants Claiming Under Heirs Adjudged Such by Indian Department Adjudging Plaintiff's Mother Nonwife—Proceedings Res Judicata, Non-fraud, Etc., Under Federal Statute—Non-power of Court to Correct Departmental Error.**

In a suit by plaintiff, alleging that she was daughter of the alleged wife of Indian decedent (under whom all parties claim) all defendants claiming under a deed as coming from all heirs of decedent and who were adjudicated as such by the Indian Department, such deed having been approved by Secretary of the Interior; held, that the adjudication by Indian Department approved by Secretary of the Interior in substance that plain-

tiff's mother was not the wife of decedent, said finding that the persons executing such deed were all of the heirs of decedent, was final and conclusive against plaintiff; construing Act of June 25, 1910, 36 Stat. 855, Comp. St. Sec. 4226, providing that when an Indian to whom allotment of land has been made, * * * dies before expiration of trust period and before issuance of fee simple patent, without will, etc., Secretary of Interior upon notice and hearing, under such rules as he may prescribe, shall ascertain legal heirs of decedent and his decision thereon shall be final and conclusive; that such act is constitutional, and decision of the Secretary thereunder conclusive and final, which decision can be avoided only on ground of fraud, error of law, or absence of substantial evidence to sustain it; and, there being no claim that said decision was procured by fraud, and no showing of error of law or want of evidence being made, said adjudication was final; this whether or not in effect Secretary of Interior may have erred; this Court being without authority to correct such error if any' existed; it standing adjudicated for all time that appellant never had any interest in the land.

Polley, P. J., dissenting.

Appeal from Circuit Court, Charles Mix County. Hon. ROBERT B. TRIPP, Judge.

Action by Mary Frederick, against the Rock Island Savings Bank, a corporation, Harriet M. Hurst, as executor of the last will and testament of Elmore W. Hurst, deceased; Julia Stafford and others, as heirs and the unknown heirs of Charles Wahaihay, or Hetunyuhana or Charles Wahehe or Snow, deceased; the unknown heirs of Emma Wahayhay or Wakesakewin or Emma Wahehe or Snow, deceased, the unknown heirs of Isan or Isan Wahehe or Snow, deceased; and the unknown heirs of Mazaskawin or Silver Woman, deceased, to determine ownership of an interest in sundry tracts of land. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.

G. M. Caster, and E. E. Wagner, for Appellant.

Stafford & Stafford, French, Orvis & French, L. M. Gable, and C. M. Stillwell, for Respondents.

Appellant cited: Act of Cong. of August 15, 1894: 31 Stat. 760; Act of Cong. of March 3, 1911: 36 Stat. 231; Sloan v. United States, 118 Fed. 283; Judicial Code (Approved March 3, 1911,) 36 Stat. 231, Sec. 24, par. 24; Egan v. McDonald, 36 S. D. 92; Tripp v. Sieler, (S. D.) 161 N. W. 337.

Respondents cited: Little Bill v. Swanson, (Wash.) 117 Pac. 481; Marquez v. Frisbie, 101 U. S. 473, 25 L. ed. 800.

WHITING, J.   This is a suit to determine the ownership of an interest in several tracts of land in Charles Mix county.   The lands in question were allotted to certain members of the Yankton Band of Sioux Indians under the general allotment act of February 8, 1887.   The allottees died, and their interests were succeeded to by an Indian named Wahehe.   All the parties hereto claim under Wahehe.   Wahehe died leaving surviving him certain brothers and sisters and also heirs of a deceased sister.   These parties were heirs at law of Wahehe.   He also left surviving him an Indian woman known as Silver Woman.   Plaintiff is a daughter of Silver Woman, and claims that, because of a marriage existing between her mother and Wahehe, at the time of his death, her mother became entitled to an interest in said land, and that upon the death of her mother such interest passed to her as her mother's sole heir.

In 1907 the brothers, sisters, and heirs of the deceased sister of Wahehe by their deed purported to sell and convey the whole of said allotments to defendants' predecessor in interest.   It is undisputed that this deed conveyed whatever interest the grantors had in said lands.   This deed was approved by the Secretary of the Interior.   Upon findings of the trial court, it entered conclusions and judgment for defendants.   The only question before us is whether the findings supported the conclusions and judgment.

The trial court found that in 1911 plaintiff instituted proceedings in the Indian Department, claiming that an error had been made in a previous ascertainment of the heirs of Wahehe. A hearing was had in the Indian Department, evidence was taken, and eventually a decision was rendered which was approved by the Secretary of the Interior.   The substance of this decision was that Silver Woman was not the wife of Wahehe.   A motion for a rehearing was filed on behalf of plaintiff, which motion was in 1916 denied.

By the act of June 25, 1910 (36 Stat. 855; U. S. Comp. St. § 4226,) Congress provided:

"That when any Indian to whom an allotment of land has been made, or may hereafter be made, dies before the expiration

of the trust period and before the issuance of a fee-simple patent, without having made a will disposing of said allotment as hereinafter provided, the Secretary of the Interior, upon notice and hearing, under such rules as he may prescribe, shall ascertain the legal heirs of such decedent, and his decision thereon shall be final and conclusive."

That such act is constitutional, that the decision of the Secretary thereunder is conclusive and final, and that such decision can only be avoided upon the ground of fraud, error of law, or absence of substantial evidence to sustain it seems to be the settled law. Dixon v. Cox (C. C. A.) 268 Fed. 285, and cases cited therein. There is no claim that such decision was procured by fraud, and no showing of any error of law in such decision or any want of evidence to sustain it is made.

It matters not, therefore, that, as a matter of fact, the Secretary of the Interior may have erred in his decision. This court is now without authority to correct any such error even though the findings of the trial court in this action might be such as to satisfy us that the Secretary of the Interior erred and that Silver Woman was in fact the wife of Wahehe. It stands adjudicated for all time, so far as the title to this land is concerned, that appellant never had any interest therein. Thompson v. Lake Madison Chautauqua Ass'n, 41 S. D. 351, 170 N. W. 578.

The judgment appealed from is affirmed.

POLLEY, P. J., dissents.