### BOWLING et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. May 20, 1924.)

No. 6428.

1. **Indians ⬤18—Determination of Indian heirship by Secretary of the Interior conclusive.**

The provision of Act June 25, 1910, § 1 (Comp. St. § 4226), authorizing the Secretary of the Interior, on notice and hearing to determine the legal heirs of a deceased Indian allottee who died intestate and making his decision final and conclusive, is within the power of Congress, valid, and effective.

2. **Appeal and error ⬤1214—Objections to evidence cannot be enlarged on second trial.**

Objections to the admissibility of evidence which have been considered and overruled by the appellate court cannot be enlarged and again urged on a second trial.

3. **Evidence ⬤83(3)—Action of Assistant Secretary of Department presumed lawful.**

Where the Assistant Secretary of a Department assumes to act in place of the Secretary, the presumption exists that his acts were lawful.

4. **Indians ⬤18—Burden of proof rests on one claiming want of notice of hearing by Department to determine heirs of allottee.**

In view of the presumption in favor of the regularity and validity of the action of a Department, the burden of proof rests on one claiming to have been entitled to notice of a hearing by the Interior Department to determine the heirs of a deceased allottee and that he did not have such notice.

5. **Constutional law ⬤318—Indians ⬤18—Form of notice of hearing to determine Indian heirship is discretionary with Secretary of Interior.**

Under Act June 25, 1910, § 1 (Comp. St. § 4226), authorizing the Secretary of the Interior to determine, on notice and hearing, the legal heirs of a deceased allottee, the form of notice is within the discretion of the

---

Secretary, and any notice by which it is reasonably probable that the parties interested will be informed of the hearing is due process of law and sufficient.

6. **Evidence** ⬸342—**Copy of records of Interior Department admissible to establish heirship of deceased allottee.**

Under Rev. St. § 882 (Comp. St. § 1494), an authenticated copy of the records of the Interior Department, containing the findings of the Secretary, is admissible to show who were the legal heirs of a deceased allottee.

7. **Indians** ⬸27(5)—**United States may sue for damages for use of land of deceased allottee during restricted period.**

The United States may recover damages for the unlawful occupancy and use of land of a deceased allottee during the restricted period on behalf of the legal heirs.

8. **Indians** ⬸15(1)—**Quitclaim deed from heirs of deceased allottee does not convey right to damages for previous unlawful occupancy.**

Conveyance of their interest in the land by heirs of a deceased allottee, by quitclaim deed, does not carry with it their right to damages for its previous unlawful occupancy by the grantee.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Action at law by the United States against George E. Bowling and others. Judgment for the United States and defendants bring error. Affirmed.

Halbert H. McCluer, of Kansas City, Mo. (Vern E. Thompson, of Miami, Okl., and Roland Hughes, of Kansas City, Mo., on the brief), for plaintiffs in error.

O. H. Graves, Sp. Asst. U. S. Atty., of Muskogee, Okl. (Frank Lee, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before LEWIS, Circuit Judge, and BOOTH and SYMES, District Judges.

BOOTH, District Judge. This is an action of ejectment. A jury was duly waived and the case tried to the court, resulting in a judgment for possession in favor of the United States and for $2,875 damages for detention. A writ of possession was, however, withheld. Writ of error has brought the case here.

Litigation in regard to the land involved in this suit has extended over a period of more than 20 years. The main question in dispute has been: Who were the heirs of William Wea, Peoria allottee No. 103, who received the allotment by virtue of the Act of Congress of March 2, 1889 (25 Stat. 1013 [Comp. St. § 4207]), and to whom patent was issued April 8, 1890, and who died intestate January 23, 1894? The patent contained the following:

"Provided, that the said lands shall not be alienated nor subject to levy, sale, taxation, or forfeiture for a period of twenty-five years from the date hereof, and any contract or agreement to sell or convey said land before the expiration of said period shall be absolutely null and void."

After the death of Wea, persons claiming to be his heirs made a contract to sell the land, and in a suit brought by them to enforce the contract in the United States Court for the Northern District of

⬸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the Indian Territory, judgment was entered sustaining the validity of the contract. The land was thereupon conveyed by the alleged heirs, and by mesne conveyances passed to Bowling and the Miami Investment Company. Thereafter the United States brought suit to cancel the conveyances and to set aside the judgment on the ground, among others, that the contract, the judgment, and the conveyances were all within the 25-year period of restraint on alienation contained in the patent. The government was successful in its suit. 181 Fed. 887; 191 Fed. 19, 111 C. C. A. 561; 233 U. S. 528, 34 Sup. Ct. 659, 58 L. Ed. 1080.

The decision of the Supreme Court was filed May 4, 1914. Thereafter and on October 19, 1914, the Secretary of the Interior, pursuant to the Act of June 25, 1910 (36 Stat. 855 [Comp. St. § 4226].), made certain findings purporting to determine the heirs of William Wea. January 20, 1915, the United States, on behalf of itself and the heirs so determined, brought an action of ejectment against Bowling and others who were in possession of the land, demanding possession and damages for detention. At the trial, plaintiff offered in evidence a copy of a departmental record in the office of the Secretary of the Interior showing that the Secretary had determined the heirs of William Wea, naming them. On objection, this document was excluded by the trial court on the ground that the Secretary had no authority, under the statute, to make the findings. No further evidence was offered, and judgment went for the defendants. This ruling and judgment were affirmed by the Circuit Court of Appeals, but were reversed by the Supreme Court, and the case was sent back for a new trial. 261 Fed. 657; 256 U. S. 484, 41 Sup. Ct. 561, 65 L. Ed. 1054.

This last decision of the Supreme Court was filed June 1, 1921.

On the retrial in 1922, the defendants admitted possession, denied the allegations of heirship set up in the complaint, and claimed ownership of the land by virtue of deeds from alleged heirs of William Wea, dated and delivered after the date of expiration of the period of restrictions on alienation contained in the patent.

A certified copy of the findings of the Secretary of the Interior as to the heirs of William Wea was admitted in evidence over the objection of defendants, and, as above stated, judgment went for plaintiff.

The assignments of error in the instant case raise three main questions:

1. Were the findings of heirship, claimed to have been made by the Secretary of the Interior, admissible in evidence?

2. Were such findings, together with any other evidence in the record bearing on the matter, sufficient to sustain the judgment?

3. Was a judgment for damages authorized, and, if so, was the amount fixed excessive?

[1] Questions 1 and 2 may be discussed together. The main grounds of attack upon the findings as to heirship (introduced in evidence as Exhibit A) were: (a) That the same were not signed by the Secretary of the Interior, but by the Assistant Secretary; (b) that there was no showing that the findings were made after notice and hearing.

The first section of the act under which the proceedings for determination of heirship were had (36 Stat. 855, c. 431, Act of June 25, 1910 [Comp. St. § 4226]) reads, in part, as follows:

"That when any Indian to whom an allotment of land has been made, or may hereafter be made, dies before the expiration of the trust period and before the issuance of a fee-simple patent, without having made a will disposing of said allotment as hereinafter provided, the Secretary of the Interior, upon notice and hearing, under such rules as he may prescribe, shall ascertain the legal heirs of such decedent, and his decision thereon shall be final and conclusive."

That Congress may authorize the Secretary of the Interior to make such ascertainment and may make the determination final and conclusive, was decided by the Supreme Court in the case of U. S. v. Bowling, 256 U. S. 484, 41 Sup. Ct. 561, 65 L. Ed. 1054. See, also, Hallowell v. Commons, 239 U. S. 506, 36 Sup. Ct. 202, 60 L. Ed. 409; Lane v. Mickadiet, 241 U. S. 201, 36 Sup. Ct. 599, 60 L. Ed. 956; Egan v. McDonald, 246 U. S. 227, 38 Sup. Ct. 223, 62 L. Ed. 680.

In proceedings under this statute, the Secretary of the Interior acts in a quasi judicial capacity. Dixon v. Cox (C. C. A.) 268 Fed. 285.

[2] The questions whether the signature of the Assistant Secretary to the findings was sufficient, and whether the findings were made after notice and hearing, might have been raised on the former trial which resulted in the decision in 256 U. S. Not having been so raised, they could not be properly raised upon the retrial. U. S. v. Camou, 184 U. S. 572, 574, 22 Sup. Ct. 505, 46 L. Ed. 694; Sun Co. v. Vinton Co., 248 Fed. 623, 160 C. C. A. 523; Clark v. Brown, 119 Fed. 130, 132, 57 C. C. A. 76; Smyth v. Neff, 123 Ill. 310, 17 N. E. 702; Walls v. Dimmitt, 141 Ky. 715, 133 S. W. 768; Smith v. Seattle, 20 Wash. 613, 56 Pac. 389; Estes v. Edgar Zinc Co., 97 Kan. 774, 156 Pac. 758; Joslin v. Cowee, 56 N. Y. 626; Dilworth v. Curts, 139 Ill. 508, 29 N. E. 861; Pac. Mut. Life v. Coley, 80 Okl. 1, 193 Pac. 735; Prince v. Gosnell, 47 Okl. 570, 149 Pac. 1162; State v. Huser, 76 Okl. 130, 184 Pac. 113.

[3] But assuming that these questions were still open upon the retrial, nevertheless they must both be decided adversely to the plaintiffs in error. The Department of the Interior was established with the Secretary of the Interior as its head by section 437, R. S. (Act of March 3, 1849, 9 Stat. 395 [Comp. St. § 665]).

Section 161, R. S. (Comp. St. § 235) provides:

"The head of each department is authorized to prescribe regulations, not inconsistent with law, for the government of his department, the conduct of its officers and clerks, the distribution and performance of its business, and the custody, use, and preservation of the records, papers, and property appertaining to it."

The office of Assistant Secretary of the Interior and the powers relating to that office were established by sections 438 and 439, R. S. (12 Stat. 369 [Comp. St. §§ 666, 667]). It is provided that he shall "perform such duties in the Department of the Interior as shall be prescribed by the Secretary, or may be required by law, and who shall act as the Secretary of the Interior in the absence of that officer."

Under these statutory enactments, the Assistant Secretary is authorized to act in place of the Secretary, under the conditions specified; and when he does act, the presumption exists, until the contrary is shown by evidence, that he is acting lawfully.

Cases are numerous construing the above statutes and similar ones. U. S. v. Peralta, 19 How. 343, 347, 15 L. Ed. 678; Parish v. U. S., 100 U. S. 500, 504, 25 L. Ed. 763; Marsh v. Nichols, 128 U. S. 605, 9 Sup. Ct. 168, 32 L. Ed. 538; Keyser v. Hitz, 133 U. S. 138, 146, 10 Sup. Ct. 290, 33 L. Ed. 531; Norris v. U. S., 257 U. S. 77, 42 Sup. Ct. 9, 66 L. Ed. 136; Shillito v. McClung, 51 Fed. 868, 2 C. C. A. 526; Chadwick v. U. S. (C. C.) 3 Fed. 750, 756; Turner v. Seep (C. C.) 167 Fed. 646, same case on appeal 179 Fed. 74.

In the case of Norris v. U. S., supra, the court in its opinion said (speaking of an Assistant Secretary of the Treasury):

"Moreover, the action of the Assistant Secretary in this case was reduced to writing and became a part of the archives of the Department. It does not appear to have been modified, nor in any way changed by the Secretary. There is nothing in the record to show that the action of the Assistant Secretary did not have the full sanction and approval of the Secretary. Under such circumstances the act of the Assistant Secretary must be presumed to be within the scope of the authority which the Secretary conferred upon his assistant. McCollum v. United States, 17 Ct. Clms. 92."

In the instant case, the findings as to heirship identified as Exhibit A, consist of a certified copy of:

(1) A lengthy report by E. B. Meritt, Assistant Commissioner of Indian Affairs, addressed to the Secretary of the Interior and dated October 19, 1914. The report begins:

"Department of the Interior, Office of Indian Affairs, Washington, October 19, 1914.

"The Honorable, The Secretary of the Interior—Sir: I have the honor to transmit herewith the report on heirship and accompanying papers in the case of William Wea, deceased, Peoria allottee No. 103, who died intestate January 23, 1894, at the age of thirty-one years."

The report sets forth the investigations that had been made, the hearings of various parties claiming to be heirs, or to represent heirs of William Wea, deceased, the submission of evidence and of briefs, the conclusions of fact and law reached by the said Assistant Commissioner, formal findings naming the heirs of William Wea, deceased, and giving their respective interests in the land in question, and ends as follows:

"I, therefore, have the honor to recommend that the heirship to the estate of William Wea be approved as set forth above. Respectfully, E. B. Meritt, Assistant Commissioner."

And of (2) the following document affixed to the report:

"The Office of the Secretary.

"Approved: It appears from the evidence adduced in this case that the heirs to the estate of William Wea, deceased, Peoria allottee No. 103, and their respective shares are as follows: (The names of the heirs with their respective shares are set out at length.)  * * *

"Inasmuch as this land was held under a restricted deed, no fee is to be collected for this determination.          Bo Sweeney, Assistant Secretary."

Indorsements: " * * *  Filed by F. N. H."

That there·was a hearing before the determination of the heirship, and that many of the parties interested had notice of the same, is apparent from the following extracts from the report: .

"Mary Ann Delonias claims as the surviving wife of William Wea, and brings considerable evidence in support of her claim. In the consideration of her status, both the evidence presented by her *at the hearing* held before the superintendent of the Quapaw Agency and copies of the testimony adduced in the case brought in her behalf in the state courts in 1909 were reviewed."

"Since the hearing held before the superintendent of the Quapaw Agency, counsel for Mary Ann Delonias have filed a motion for a rehearing in this case. * * * Various briefs and affidavits have been presented by her counsel. * * * It is, therefore, recommended that the determination of the Department be made based upon the voluminous testimony and arguments herewith submitted.

" * * * In all the voluminous testimony that has been taken in this case since that date the unquestionable preponderance of evidence has shown the absence of blood relatives between these claimants and the decedent.

"In the course of these proceedings application was made on behalf of the Peoria tribe of Indians asking that in the failure of the line of descent to this estate, the land be held to revert to the tribe. * * *

"There remains to be considered the claim of the collateral relatives of William Wea as disclosed by the various investigations into this case. The testimony taken, extending over a period of years, is very contradictory but the evidence seems to be strongest along the following lines: * * *

"It thus appears from the great mass of testimony adduced at hearings held at various dates, that the surviving heirs of William Wea and the extent of their interests in his estate are as follows."

[4]. It does not appear from the record whether plaintiffs in error personally had notice; but if they claimed that they, personally, were entitled to notice and had none, it was incumbent upon them to make such showing. This they failed to do. Straus v. Foxworth, 231 U. S. 162, 34 Sup. Ct. 42, 58 L. Ed. 168; Tyler v. Judges, 179 U. S. 405, 21 Sup. Ct. 206, 45 L. Ed. 252.

The presumption is that the officials did their duty. 22 C. J. 130 (section 69); 32 Cyc. 1017; Cofield v. McClelland, 16 Wall. 331, 21 L. Ed. 339; U. S. v. Kinkead (D. C.) 248 Fed. 141; Harkrader v. Carroll (D. C.) 76 Fed. 474; U. S. v. Erickson (D. C.) 188 Fed. 747; Stockslager v. U. S., 116 Fed. 590, 54 C. C. A. 46.

[5] The kind of notice is not prescribed by the statute, but is left to the judgment of the Secretary of the Interior. Due process of law does not necessarily require personal service. The process or proceedings may be adapted to the nature of the case; especially is this true where no personal judgment is sought. Ballard v. Hunter, 204 U.·S. 241, 27 Sup. Ct. 261, 51 L. Ed. 461; Arndt v. Griggs, 134 U. S. 316, 327, 10 Sup. Ct. 557, 33 L. Ed. 918; Hamilton v. Brown, 161 U. S. 256, 16 Sup. Ct. 585, 40 L. Ed. 691; Leigh v. Green, 193 U. S. 79, 24 Sup. Ct. 390, 48 L. Ed. 623; Hanover Bank v. Moyses, 186 U. S. 181, 22 Sup. Ct. 857, 46 L. Ed. 1113.

Any form of notice by which it was reasonably probable that the parties interested would be informed as to the proceeding, would be due process of law and sufficient. Happy v. Mosher, 48 N. Y. 313: In re Union Elevated Ry. Co., 112 N. Y. 61, 19 N. E. 664, 2 L. R. A. 359; City of Indianapolis v. Holt, 155 Ind. 222, 57 N. E. 968;

Kansas City v. Duncan, 135 Mo. 571, 37 S. W. 513; Gilchrist v. Schmidling, 12 Kan. 263.

[6] Exhibit A, containing the findings of the Secretary of the Interior, was admissible in evidence, by virtue of section 882, R. S. (Comp. St. § 1494); Act of August 24, 1912, c. 370, §§ 1 and 3 (Comp. St. §§ 675, 677); section 463, R. S. (Comp. St. § 716); section 4, c. 256, Act of July 26, 1892 (Comp. St. § 721).

And such findings are conclusive in the absence of a showing of fraud, error of law, or gross mistake of fact. Dixon v. Cox (C. C. A.) 268 Fed. 285; Chase v. U. S. (C. C. A.) 272 Fed. 684.

Upon the record we hold that the findings and determination by the Secretary of the Interior were made after notice and hearing; that the signature of the Assistant Secretary to the findings was legal and sufficient; and that the findings were conclusive evidence on the question who were the legal heirs of William Wea.

[7] 3. As to damages: The United States had the right to sue for all damages up to the expiration of the limitation period, which was April 5, 1915, even though the patentee was dead. U. S. v. Smith (C. C. A.) 288 Fed. 356.

[8] It appears from the evidence that defendants have acquired interests in the land, amounting to one-third of the whole, from several of the heirs, determined by the Secretary of the Interior; but this fact cannot affect the right of the United States to recover damages on behalf of the same heirs for the detention, up to the end of the limitation period, unless it is shown that a waiver of damages has been made by these heirs conveying title to the defendants, or that the deeds of conveyance transferred to the defendants the right of these heirs to collect damages. No such showing is made. The record shows that the deeds were mere quitclaim deeds not purporting to assign any claim for damages. Such rights to collect damages are personal to the owner and do not pass by conveyance purporting to convey title only. Harshbarger v. R. R. Co., 131 Ind. 177, 27 N. E. 352, 30 N. E. 1083. See, also, Graham v. R. R., 102 U. S. 148, 26 L. Ed. 106; Cochran Co. v. Fisher, 190 Mich. 478, 157 N. W. 282, 4 A. L. R. 9.

The form of the judgment is open to criticism. The right to possession is adjudged to be in the plaintiff, but a writ of possession is expressly withheld, and the judgment contains a recital that—

"It is intended by this judgment only to settle all of the rights and equities of all parties hereto as they existed on and prior to April 5, 1915, the date of the expiration of the period of lawful supervision over said lands of said deceased allottee by plaintiff, and to leave open all matters arising after April 5, 1915."

The court, however, before the entry of judgment, gave the parties an opportunity of bringing in additional necessary parties and of having the title adjudicated as of the date of the trial. The parties to the action, however, did not avail themselves of this opportunity, and they make no complaint here as to the form of the judgment. We therefore leave it undisturbed.

Judgment affirmed.