## NORRIS *v.* UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

No. 11.   Argued October 5, 1921.—Decided November 7, 1921.

N, having been wrongfully removed from the office of customs inspector, without being furnished a copy of the charges against him or opportunity to answer, as required by the Act of August 24, 1912, c. 389, § 6, 37 Stat. 555, waited eleven months before asserting his rights. He was reinstated for the purpose of affording him a due hearing, suspended from duty and pay meanwhile, and was exonerated, but the office was then abolished and his services dispensed with, for the reason that there was no existing vacancy in the service to which he could be assigned.

*Held*: (1) That he was not entitled to official pay from the time of his removal to the time of his reinstatement. P. 80. *Nicholas* v. *United States, ante,* 71.

(2) The power to determine the number of customs inspectors and to appoint and remove them was lodged with the Secretary of the Treasury. P. 81.

(3) The order abolishing the place to which N was reinstated, made by an assistant secretary and being part of the archives of the Department, must be presumed to have been within the scope of the authority conferred upon the assistant by the Secretary, there being no evidence to the contrary. Rev. Stats., §§ 161, 245. P. 81.

(4) N could not recover pay since the time of his reinstatement. P. 82.

55 Ct. Clms. 208, affirmed.

APPEAL from a judgment of the Court of Claims in a suit to recover the emoluments of an office accruing after appellant's removal from it.   See also *ante,* 71, *post,* 82.

Mr. *William E. Russell,* with whom Mr. *L. T. Michener* and Mr. *P. G. Michener* were on the briefs, for appellant.

*Mr. Assistant Attorney General Riter,* with whom *Mr. Assistant Attorney General Davis* and *Mr. William D. Harris* were on the brief, for the United States.

MR. JUSTICE DAY delivered the opinion of the court.

This is an appeal from the Court of Claims which was argued and submitted at the same time with No. 10, just decided, *ante,* 71. Judgment was rendered against Norris. 55 Ct. Clms. 208. The case was brought to this court on appeal, and was remanded to the Court of Claims for further findings.

It appears that Norris was a customs employee at the port of Baltimore. On July 2, 1907, he was made a Customs Inspector at the compensation of $4.00 per day. On February 20, 1913, he was advised by the Collector of Customs that his services as inspector would be dispensed with, and his position vacated at the close of business on that day. On December 22, 1913, he addressed a communication to the Secretary of the Treasury in which he stated that he had been dismissed from the service on the previous February 20th; that no reason was assigned for the dismissal, nor charges furnished him, nor opportunity given him to be heard as provided by § 6 of the Act of August 24, 1912, c. 389, 37 Stat. 555. He stated that, therefore, his dismissal seemed contrary to law, and asked for reinstatement, and an examination of his case on the merits as prescribed in that act. The Assistant Secretary of the Treasury, on January 12, 1914, replied in substance that, as it appeared that he had been removed without being furnished a copy of the charges, the Department was willing to request the Civil Service Commission to issue a certificate for his reinstatement, and give him a written copy of the charges which led to his separation from the service. In reply to this letter the claimant wrote the Secretary of the Treasury renewing his request for reinstatement. On February 10, 1914, Norris' rein-

statement was requested in order that he might be furnished with a copy of the charges and allowed to answer them. On the same day the Assistant Secretary wrote the Collector at Baltimore enclosing a letter reinstating the plaintiff, and adding that upon Norris subscribing to the oath of office he would be suspended pending an investigation of the charges. On February 12, 1914, the Treasury Department requested the Civil Service Commission to issue the necessary certificate for the reinstatement of Norris as Inspector of Customs in order that he might be given the opportunity to answer the charges against him. On February 20, 1914, by direction of the Secretary of the Treasury, Norris was reinstated, and appointed an Inspector of Customs in order that he might be given an opportunity to answer the charges which resulted in his removal. Plaintiff executed the oath of office on March 5, 1914. He was suspended from duty and pay, charges were preferred against him. On March 9, 1914, Norris answered the charges. On April 25, 1914, the Treasury Department, by the Assistant Secretary of the Treasury, advised that the Department was of the opinion that the charges and the evidence against the plaintiff were not sufficient to have warranted his dismissal, stating, however, that, inasmuch as there was no vacancy at that time in the force of customs inspectors, plaintiff's services could not be utilized; that the position of inspector was created in order that he might take the oath of office so that the charges against him could be tried; that his services would therefore necessarily be dispensed with; the order would be effective upon receipt of the letter by the Collector of Customs at the port of Baltimore, and the position abolished; that plaintiff was eligible for reinstatement within one year, provided his services could be utilized and he should be properly recommended for an existing vacancy. On May 27, 1914, letter was written by the President of the National Asso-

ciation of Customs Inspectors asking for the reinstatement of Norris. On June 6, 1914, the Assistant Secretary of the Treasury responded that there was no position of inspector vacant at Baltimore; that Norris was entitled to reinstatement, and, should a vacancy occur, he would be given consideration. On February 18, 1915, the plaintiff wrote a letter to the Secretary of the Treasury asking for reinstatement to the position of inspector of customs.

In the additional findings it appears that after the plaintiff was dismissed he remained a few months in Baltimore, and then went to a farm in Virginia; that he occasionally visited in Baltimore, and that no facts appear to show that he was not ready, willing, and able to perform the duties of the office up to and including May 20, 1916, and at the time of the taking of his deposition in August, 1919.

The question is, upon these findings, and the additional findings: Is the claimant entitled to recover the compensation which is sought by his petition in this case? It appears that during the period of eleven months after his suspension without compliance with the statute, plaintiff took no steps to vindicate his right to the office, nor to recover the compensation incident to the same.

We need not repeat the discussion in the *Nicholas Case*, No. 10, just decided, of the principles which we deem controlling in cases of this character. The question here is: Did Norris use reasonable diligence, in view of the obligation placed upon him, notwithstanding his wrongful removal, to assert his right to the compensation attached to the office? It is true that it has been found that he was ready, willing, and able to discharge its duties, but no fact is found explaining his failure to assert his right to the office, or its emoluments, for the period of eleven months and a little over. He did not, as did Wickersham (201

U. S. 390), promptly demand a restoration to the office, nor make any claim to its emoluments because the power of removal had been exercised without giving him the opportunity for a hearing which the statute affords. Each case must be decided upon its own facts, and we are of opinion that the findings here do not disclose that exercise of reasonable diligence on Norris' part which the law imposes upon him as a duty if he would recover compensation for services in an office which the Government might fill with another, or otherwise adjust its service so as to dispense with the service of the plaintiff. Public policy requires reasonable diligence upon the plaintiff's part, which we think the findings in this record do not disclose.

It is contended that claimant is entitled to recover after his reinstatement, although the office, which the findings show was created for the purpose of affording Norris a hearing, was immediately abolished. If the office was legally abolished, it follows, of course, that the courts cannot afford him relief. The power of the Secretary of the Treasury to determine the number of inspectors to be employed cannot be reasonably questioned. Nor can the power of removal be doubted. It is included in the power to appoint, the statute not otherwise providing. *Burnap* v. *United States,* 252 U. S. 512, 515. The objection urged upon our attention is that the order was made by an Assistant Secretary. We have no doubt of the authority of the Assistant Secretary of the Treasury to take this action. Section 245 of the Revised Statutes provides: " The Assistant Secretaries of the Treasury shall examine letters, contracts, and warrants prepared for the signature of the Secretary of the Treasury, and perform such other duties in the office of the Secretary of the Treasury as may be prescribed by the Secretary or by law." Section 161 of the Revised Statutes gives to the

heads of the Departments the right to prescribe regulations, not inconsistent with law, for the government of their respective departments, the conduct of its officers and clerks, the distribution and performance of its business, and the custody, use, and preservation of the records, papers, and property appertaining to it. Moreover, the action of the Assistant Secretary in this case was reduced to writing and became a part of the archives of the Department. It does not appear to have been modified, nor in any way changed by the Secretary. There is nothing in the record to show that the action of the Assistant Secretary did not have the full sanction and approval of the Secretary. Under such circumstances the act of the Assistant Secretary must be presumed to be within the scope of the authority which the Secretary conferred upon his Assistant. *McCollum* v. *United States,* 17 Ct. Clms. 92.

We are of opinion that after the order restoring Norris for the purpose of a hearing by creating a place for him and abolishing the office after the hearing there can be no recovery. It follows that the judgment of the Court of Claims must be

*Affirmed.*