Charles F. CHIRIACO, Appellant,

v.

UNITED STATES of America et al., Appellee.

No. 21206.

United States Court of Appeals Fifth Circuit.

Dec. 22, 1964.

589

John R. Thomas, Jr., Asst. U. S. Atty., Birmingham, Ala., Robert Lynn Seeber, Knoxville, Tenn., Macon L. Weaver, U. S. Atty., Birmingham, Ala., Charles J. McCarthy, General Counsel, Tennessee Valley Authority, Knoxville, Tenn., Thomas A. Pedersen, Asst. Gen. Counsel, for United States, United States Civil Service Commission, and President's Committee on Equal Employment Opportunity.

Before RIVES, WISDOM and BELL, Circuit Judges.

PER CURIAM:

Appellant, a former employee of the Tennessee Valley Authority, appeals from the decision of the District Court dismissing his suit for reinstatement to his former position with the TVA, from which position he was discharged on November 20, 1959 for cause. The action of the TVA in terminating him was affirmed by the Board of Appeals and Review of the Civil Service Commission on December 7, 1960. The present suit was filed on December 3, 1962. In the interim, appellant corresponded with the Civil Service Commission relative to further relief, and also with the President's Committee on Government Employment Policy. His last correspondence with the Commission was on September 13, 1961 and his last correspondence with the President's Committee was dated July 12, 1961. In both instances the correspondence consisted of letters to him denying relief previously sought.

The District Court gave full consideration to appellant's complaint, and the decision rendered has adequate support both from a factual and a legal standpoint. See Chiriaco v. United States of America, et al., N.D.Ala., 1963, 235 F. Supp. 850.

 Appellant is barred by laches. See United States ex rel. Arant v. Lane, 1919, 249 U.S. 367, 39 S.Ct. 293, 63 L.Ed. 650; Norris v. United States, 1921, 257 U.S. 77, 42 S.Ct. 9, 66 L.Ed. 136; and Davis v. Tennessee Valley Authority, N. D.Ala.,1962, 214 F.Supp. 229, aff'd, 5

Charles F. Chiriaco, Florence, Ala., for appellant.

Cir., 1963, 313 F.2d 959, cert. den., 375 U.S. 818, 84 S.Ct. 53, 11 L.Ed.2d 52. The following statement taken from the Arant case is applicable here:

"When a public official is unlawfully removed from office, whether from disregard of the law by his superior or from mistake as to the facts of his case, obvious considerations of public policy make it of first importance that he should promptly take the action requisite to effectively assert his rights, to the end that if his contention be justified the government service may be disturbed as little as possible and that two salaries shall not be paid for a single service.

"Under circumstances which rendered his return to the service impossible, except under the order of a court, the relator did nothing to effectively assert his claim for reinstatement to office for almost two years. Such a long delay must necessarily result in changes in the branch of the service to which he was attached and in such an accumulation of unearned salary that, when unexplained, the manifest inequity which would result from reinstating him, renders the application of the doctrine of laches to his case peculiarly appropriate in the interests of justice and sound public policy."

No departure from the required standard of procedural due process appears, and the scope of judicial review in a matter of this kind is limited to the determination of that question. Green v. Baughman, 1957, 100 U.S.App. D.C. 187, 243 F.2d 610; Hargett v. Summerfield, 1957, 100 U.S.App.D.C. 85, 243 F.2d 29; and Carter v. Forrestal, 1949, 85 U.S.App.D.C. 53, 175 F.2d 364. Moreover, as the District Court concluded, even if the merits are considered, the termination of appellant was based upon a substantial ground in view of his leaving his job without permission; therefore the action of the TVA toward him was not arbitrary or capricious. It is not the function of the court to review the wisdom or good judgment of the governmental department head in exercising his discretion in matters of employee removal and discipline. See Hargett v. Summerfield, supra.

Affirmed.