**C. R. BAILEY, Appellant,**

v.

**John W. MACY, Winifred V. Gill, L. S. Andolsek and Robert E. Hampton, Commissioners of the United States Civil Service Commission, Appellees.**

No. 8824.

United States Court of Appeals
Tenth Circuit.

June 9, 1967.

Charles H. Froeb, Tulsa, Okl., for appellant.

J. F. Bishop, Atty., Department of Justice (Barefoot Sanders, Asst. Atty. Gen., Lawrence A. McSoud, U. S. Atty., Morton Hollander and Howard J. Kashner, Attys., Department of Justice, on the brief), for appellees.

Before MURRAH, Chief Judge, and PICKETT and BREITENSTEIN, Circuit Judges.

PER CURIAM.

Appellant-plaintiff brought suit under 28 U.S.C. § 1361 to compel reinstatement to his former position in the Bureau of Mines, Department of the Interior. The district court denied relief.

Appellant was appointed to his position in February, 1954. On March 29, 1957, the regional director of the Bureau charged him (1) with failure to accept supervision and cooperate with other personnel and (2) with vindictive and acrimonious correspondence and discussions with supervisors and others. Appellant filed a lengthy answer in ex-

planation and excuse of his conduct. He did not request a hearing. On April 19, 1957, the acting regional director notified appellant that his answer and explanations were not satisfactory; that he was removed from employment effective April 26, 1957; and that he had 10 days within which to appeal to the Director of the Bureau of Mines, to the Secretary of the Interior, or to the Eighth U. S. Civil Service Region. The removal was effected as scheduled. Appellant took no appeal to the Director or to the Secretary but did appeal to the Eighth Civil Service Region asserting that his removal was for political reasons and contrary to law. The appeal was denied on May 28, 1957, because no showing was made of removal on account of partisan politics and because the pertinent regulations had been satisfied.

Appellant did nothing further in the matter until March 9, 1959, when his attorney wrote the Eighth Civil Service Region for an opportunity to present unspecified additional evidence. The Region declined to reopen the case but referred the file to the Civil Service Commission's Board of Appeals and Review which treated the request as an appeal. On April 24, 1959, it refused to act because of the delay of nearly two years after the decision of the Region. Suit was brought in the district court in October, 1963.

We are convinced that the appellant was accorded procedural due process and that his removal was proper under 5 U.S.C. § 652(a) and the regulations of both the Bureau of Mines and the Civil Service Commission. No discussions of the many points raised would be appropriate because in any event his laches bar all right to relief. He waited for about 6½ years after the denial of his appeal by the Civil Service Region and for about 4½ years after the denial of his attempt to reopen the appeal proceedings. The Supreme Court has said that "obvious considerations of public policy" require that a public official removed from office must "promptly take the action requisite to effectively assert his rights." [1]

Affirmed.

1. United States ex rel. Arant v. Lane, 249 U.S. 367, 372, 39 S.Ct. 293, 294, 63 L.Ed. 650, whree the delay was almost 2 years. See also Nicholas v. United States, 257 U.S. 71, 42 S.Ct. 7, 66 L.Ed. 133 (delay of 3 years); Norris v. United States, 257 U.S. 77, 42 S.Ct. 9, 66 L.Ed. 136 (delay of 11 months); Chiriaco v. United States, 5 Cir., 339 F.2d 588 (delay of 2 years); Jones v. Summerfield, 105 U.S.App.D.C. 140, 265 F.2d 124, cert. denied 361 U.S. 841, 80 S.Ct. 93, 4 L.Ed.2d 80 (delay of 33 months); and Bailey v. United States, Ct.Cls., 171 F.Supp. 281 (delay of 4 years).