Dorothy J. JACKSON

v.

U. S. CIVIL SERVICE COMMIS-SION et al.

Civ. A. No. 72-H-1003.

United States District Court, S. D. Texas, Houston Division.

Dec. 13, 1973.

Gabrielle K. McDonald, McDonald & McDonald, Houston, Tex., for plaintiff.

Helen M. Eversberg, Asst. U. S. Atty., Houston, Tex., for defendants.

SINGLETON, District Judge.

*Memorandum and Order*:

This action was filed under Section 11 of the Equal Employment Act of 1972, 42 U.S.C.A. § 2000e–16 which reads, "All personnel actions affecting employees or applicants for employment . . . in executive agencies . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e–16(a). The plaintiff herein alleges that she was discharged from her job as a nurse in a Veterans Administration Hospital, Houston, Texas.

She was removed from the position of Nursing-Assistant-Psychiatry effective March 16, 1970. After she had been notified that she would be dismissed, Mrs. Jackson requested a hearing which was held before the director of the Veterans Administration Hospital on January 19, 1970. After the director's adverse ruling, the plaintiff filed an appeal with the administrator of the hospital, and he issued his adverse opinion March 29, 1970. This decision was appealed to the Dallas Region of the Civil Service Commission and a hearing was requested before the Commission. The transcript of the original hearing was submitted to the Dallas office and reviewed by the Commission which found that all procedural requirements had been observed and that the charges were substantiated by a preponderance of the evidence. By letter the plaintiff appealed the decision of the Regional Office and alleged for the first time a pattern of racial discrimination. Because of this new issue, the Board of Appeals and Review remanded the case to the agency on June 22, 1971, and instructed the agency to conduct an Equal Employment Opportunity investigation under Title 5, Code of Federal Regulations, Part 713. The investigation was conducted and a report submitted to the director of the Veterans Administration Hospital. His finding was that the record failed to establish that the removal was motivated by racial prejudice. The Dallas office sustained this finding. By letter of January 6, 1972, Mrs. Jackson appealed the Regional Office's second decision to the Board of Appeals and Review of the Civil Service Commission. That Board reviewed the entire record, found no procedural errors in processing the appeal and that racial discrimination was not the reason for plaintiff's removal. Further, the Board found that the evidence substantiated the charges of misconduct and that removal was justified on that basis. This final decision was handed down July 3, 1972. The instant action was filed July 28, 1972, pursuant to the statute which became effective March 24, 1972.

The court is faced with the threshold question of whether or not the court has jurisdiction to hear the matter. The

plaintiff has pressed two grounds for jurisdiction. One is the act under consideration here. The other is 42 U.S.C.A. § 1981 which she alleges gives jurisdiction to sue the United States. Inasmuch as this question has been recently argued before the Fifth Circuit Court of Appeals [1] and a decision is pending, this court will not decide whether or not § 1981 jurisdiction exists.

The government has brought its motion to dismiss based on lack of jurisdiction. Its position is that the amended statute is not retroactive and, since sovereign immunity would preclude a suit against the United States on any other jurisdictional basis, there is no jurisdiction and the suit should be dismissed. That motion was denied.

Mrs. Jackson's case has been pending in one administrative agency or another since 1969. It was resolved only in July of 1972, after the effective date of the amended statute. She presents two bases for her assertion of the retroactivity of the statute. One is a strict retroactivity argument. In Thorpe v. Housing Authority, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969), a woman in government housing was evicted without notice or explanation. She filed suit to have this practice declared constitutionally invalid. As the case was going through the courts, the Housing Authority came out with a directive requiring notice and explanation. The Supreme Court held that "the appellate court must apply the law in effect at the time it renders its decision," and directed the appellate court to hold the earlier practice invalid. Mrs. Jackson asks the court to extend this language to apply to a situation in which, as here, the law changes while a case is pending in administrative channels. The district court hearing the case on appeal would then apply the law which now applies to charges of racial discrimination in federal jobs, not the old law which allowed only a very limited review of the administrative action.

This theory necessitates a finding that the amendment is not a new remedy for government employees alleging racial discrimination in employment practices, but an attempt to provide an additional remedy.

The second argument also depends on the finding that the remedy is not new, but in addition to the old remedies. This theory is that Mrs. Jackson's cause of action would not accrue to her until all administrative remedies had been exhausted. She was pursuing all the administrative remedies available to her at the time the act was amended. It is not stretching the exhaustion concept too far to say that the administrative remedies available to her when she brought her suit are now exhausted and her right to a civil action, which existed before she had obtained a final decision from the Civil Service Commission, had become available to her only after the Civil Service Commission handed down that final decision. Strictly speaking, this theory would not be one of retroactivity at all. Apparently, neither of these points was raised in Hill-Vincent v. Richardson, 359 F.Supp. 308 (N.D.Ill. 1973), a case in which a government employee alleged that she had been dismissed on racial grounds. The court held that the complaint failed to state a claim under 1964 Civil Rights Act because § 2000e–16 is not an amendment to § 706 (42 U.S.C. § 2000e–5), but is a new section. Therefore, there would be no retroactivity.

In contrast, Hackley v. Johnson (1973) District of Columbia district court opinion, 360 F.Supp. 1247, held the amendment was retroactive without any discussion. The court in a prior ruling had held that at least where cases have been pending before administrative agencies the new act will be applied retroactively for discrimination occurring prior to the act's effective date (footnote, page 1249 of opinion).

1. Petterway v. Veterans Administration, 495 F.2d 1223 was argued before the Fifth Circuit November 5, 1973.

■ Relying on either of Mrs. Jackson's theories or merely on equitable consideration, this court believes that in the narrow circumstances in which an administrative action was actually pending as of the effective date of the amendment, the amendment should be retroactive.

## Trial De Novo

On October 31, 1973, the Motion for Summary Judgment brought by the government was heard. The government's contention is that even though there are facts in dispute summary judgment is appropriate because the review in this court should be narrowly confined. In its original memorandum in support of its motion for summary judgment the government relied upon its contention that the scope of review which may be exercised by a district court is limited to two issues: one, whether the procedural requirements of the statute have been complied with; and two, whether the action of the agency officials was arbitrary or capricious or not supported by substantial evidence, in the record. The Government cited numerous cases. At an in-chambers conference held November 28, 1973, the government made special reference to Chiriaco v. United States, 339 F.2d 588 (5th Cir. 1964), for the proposition that the inquiry should be limited further to a consideration only of whether or not the required standard of procedural due process had been followed in the administrative hearing. The government's argument that the scope of review of the findings of a challenged federal administrative agency must be limited severely is persuasive, but does not take into account the obvious fact that Public Law 92–261 has changed the law. If, as this court has held, the statute is to be applied retroactively, then the previous laws governing a federal employee's right to challenge the employment practices of his agency would not be applicable.

The court is faced with the challenge of discovering the proper scope of re-view but it believes that the Congress did intend to change the law. For that reason none of the cases cited in defendant's memorandum in support of its motion for summary judgment lends any support to the government's position.

No doubt in anticipation of the court's position, the government came to the hearing on the motion for summary judgment armed with Hackley v. Johnson, *supra*. From his reading of the legislative history, Judge Gesell, speaking in *Hackley*, concluded that a trial de novo was not what the Congress intended, but by the same token, the strict administrative review used in the past was inadequate. *Hackley* takes a middle ground:

> "The Federal Courts are free to act in whatever manner may be appropriate, case by case, consistent with experience and precedent . . . ."

*Hackley* concluded that since the statute provides no guidance the court may in its discretion decide on the record, take additional testimony, remand to the administrative agency for more evidence, or hold a trial de novo.

The government in this case adopts the *Hackley* reasoning. Its position is that the record should first be read to determine affirmatively whether or not there was discrimination. If the court is unsure or unable to make a decision on the record before it, then it can take any further action it may deem necessary to make a determination. In some instances this may require a trial de novo. The government alleges in the instant case, however, that a trial de novo is not required because the hearing is complete and a determination can be made merely from a reading of the record.

There are essentially two ways to look at the congressional intent of the act. On the one hand, one remembers that prior to the enactment of the 1972 amendment the federal employee had no

right to review in actual practice because of the doctrine of exhaustion of remedies and sovereign immunity. An interpretation of the statute as compelling judicial review is not inconsistent with the view that the statute should have only a limited judicial review. Under this interpretation the amendment merely provides for the federal employee a more extensive review than he has ever had before. Senator Cranston is probably responsible for this view of the statute.

> "For the first time . . . [the legislation would] permit Federal employees to sue the Federal Government in discrimination cases . . . . As with other cases brought under Title VII of the Civil Rights Act of 1964, Federal district court review would be based on the agency and/or CSC record and would not be a trial de novo."

118 Cong.Rec. No. 24 at § 2287.

On the other hand, one views the act as an attempt by Congress to give to the federal employee the same right to judicial review of discrimination charges as that embodied in the 1964 Act, with an explicit exception for national security, not applicable to the instant case. In that connection, it must be pointed out that Senator Cranston's characterization of the rights of the employee in the private sector is not strictly accurate. In Beverly v. Lone Star Lead Construction Corp., 437 F.2d 1136 (5th Cir. 1971), the court held that an EEOC finding "that no reasonable cause" existed does not bar a lawsuit in the case. In other words, the employee in the private sector is entitled to a trial de novo and the employee of the federal government should not be afforded any less.

The government's answer to this contention is that, unlike a finding of no reasonable cause, a finding by the administrative agency that there was no racial discrimination would not bar the cause of action, rather, it would limit the review.

Judge Wollenberg in Thompson v. U. S. Dep't of Justice, 372 F.Supp. 762 (N. D.Cal.) faced the identical contention:

> "The Court recognizes that the precise question decided in these earlier decisions was not the scope of review under Title VII, but whether a Commission finding of just cause for the employers' allegedly discriminatory actions barred a lawsuit. But the force of the analysis in these cases is applicable."

What is more, the government's position ignores the reason behind the congressional action. The Congress, as evidenced by the legislative history of the act (Legislative History of the Equal Employment Opportunity Act of 1972, 92d Cong.2d Sess., 1972 U.S.Code Congressional and Administrative News pp. 1005–1054), was dissatisfied with the way in which the Civil Service Commission was doing its job to prevent racial and other discrimination in the federal government. Especially disturbing was the lack of a meaningful judicial review of actions taken by agencies which had held something less than true and complete proceedings and had used inadequate standards. Had Congress intended that the old form of judicial review remain, it would not have given the government employee the right to a civil action; had it intended that the scope of the review be less than a trial de novo —that which is afforded the employee in the private sector—it would have so indicated since the specific words used in the statute merely refer the government employee to the rights given to the employee in the private sector:

> ". . . if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, [he] may file a civil action as provided in section 706 . . . ."

Public Law 92–261 § 717(c).

Section 706 sets out the procedures to be followed by those in the private sector.

 This court is compelled to follow the view that a trial de novo has been intended by Congress by the foregoing analysis and by the practical consideration that it is simply too easy for a federal judge operating under *Hackley* to lapse, in his discretion, into a review of the record using the substantial evidence test or the test set forth in Chiriaco v. United States, *supra*. Only if a trial de novo is mandatory will the federal employee be assured of the congressional intent and that is a full, impartial review of the case in an adversary context. This decision does not mean to imply that the record built upon the administrative level is to be disregarded. It may be introduced into evidence and considered along with the other evidence introduced, just as the EEOC findings may be introduced in private sector suits. *Cf.* Smith v. Universal Services, 454 F.2d 154 (5th Cir. 1972). The plaintiff has characterized the trial as one not duplicating the administrative hearing, but as one supplementing that hearing, but safeguarded by use of the rules of evidence in a true judicial setting. This court believes that Congress intended no less.

Accordingly, it is hereby ordered, adjudged, and decreed that the defendants' motion for summary judgment be, and the same is, hereby denied.

The court, having denied the government's motion for summary judgment and reasserted motion to dismiss, is of the opinion that such order involves controlling questions of law as to which there are substantial grounds for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Accordingly, this order is hereby certified for an interlocutory appeal pursuant to 28 U.S.C.A. § 1292(b).