**John B. ROSSER, Plaintiff-Appellant,**

v.

**Henry L. NEWMAN, John A. Shaffer, Federal Aviation Administration and United States of America, Defendants-Appellees.**

No. 74–3928.

United States Court of Appeals,
Fifth Circuit.

March 18, 1976.

William N. Wheat, Houston, Tex., for plaintiff-appellant.

Anthony J. P. Farris, U. S. Atty., Houston, Tex., Richard B. Ballanfant, James R. Gough, Asst. U. S. Atty., for defendants-appellees.

Before BELL, GODBOLD and RONEY, Circuit Judges.*

* This opinion was concurred in by Judge Bell prior to his resignation from the Court on March 1, 1976.

1. Although Rosser has now been promoted to GS–12, the case is not moot, since the appel-

BELL, Circuit Judge:

Appellant John Rosser, an Air Traffic Control Specialist for the Federal Aviation Administration, brought suit in district court alleging that he had been denied repromotional opportunities from 1969 to 1974 in violation of his due process rights, and seeking an order for promotion to GS–12 in accordance with his repromotion rights, for back pay, and for monetary damages. At trial, after the presentation of plaintiff's case, the district court dismissed the claim for monetary damages for lack of jurisdiction, held that plaintiff had failed to make out a prima facie case on the remaining issues, and entered judgment for the defendants. We affirm.

Appellant began service with the FAA in 1956 and rose from GS–5 to GS–12 in 5 years. In 1962, because of a change in agency classification criteria, 224 similarly situated employees, including Rosser, were demoted from GS–12 to GS–11. In 1963, Rosser requested a voluntary demotion to GS–9 in order to obtain reassignment. The GS–9 position was subsequently reclassified as GS–10. At the time he brought suit, in 1972, appellant remained at GS–10.

Because of the 1962 involuntary demotion, Rosser became entitled to avail himself of a process styled "Special Consideration for Repromotion" in 1969, when "Department of Transportation, Federal Aviation Administration Handbook 3310.1A" became effective. Subsequently, in October, 1969, Rosser requested such priority repromotion consideration and applied for GS–12 positions at Austin RAPCON/Tower and Perrin AFB RAPCON. Rosser was not promoted to any of the positions for which he applied and for which he was eligible until 1974, after institution of this suit.[1]

Appellant alleges that the agency failed to follow its own procedures in

lees concede that had Rosser been promoted earlier, he would have achieved a GS–12–8 rating rather than a GS–12–3.

denying him repromotion and that its action was arbitrary and capricious. He further alleges that the agency deliberately destroyed records which would have enabled him to establish a prima facie case.

█ The scope of judicial review in this case is limited to the question whether there is any "departure from the required standard of procedural due process." *Jaeger v. Freeman*, 5 Cir., 1969, 410 F.2d 528, 531; *Chiriaco v. United States*, 5 Cir., 1964, 339 F.2d 588, 590. Appellant contends that the FAA did not follow the procedures for priority repromotion consideration as outlined in the Handbook, which provides that an employee who has been demoted without personal cause, who is eligible for repromotion, and who has made proper application for repromotion, is to be put on a repromotion priority list, which entitles him to prior consideration for vacancies, and, in certain instances, a written statement of reasons for failure to promote him. It is agreed that appellant was put on a repromotion priority list, but appellant asserts that the other procedures were not followed. The relevant Handbook provisions are as follows:

(3) *General Provisions*

(a) Within a region, center, or Washington headquarters, an employee on the repromotion priority list shall be considered for suitable vacancies in advance of efforts to fill the vacancy by other means, including competitive promotion procedures. A suitable vacancy is one for which the employee meets the minimum qualifications requirements in a geographic location identified as being acceptable to him.

(b) The employee should ordinarily be repromoted when he has demonstrated that he is well qualified for the position to be filled unless there are persuasive reasons for not doing so.

(c) If not selected in the priority consideration process, and if the employee is later considered under competitive procedures, (e. g., if he applies for the announced vacancy), and if certified to the selecting official as one of the best qualified, the selecting official must state his reasons for the record if he does not then select the employee.

Handbook, Chapter 4, subchapter 32b(3)(a), (b), (c).

█ These procedures require only priority in consideration for the eligible repromotion candidate, not priority in promotion. Even the well qualified repromotion candidate may be passed over for persuasive reasons. Such reasons are within the discretion of the selecting officer and need not be stated for the record unless the passed over repromotion candidate then enters the competitive selection process and is certified to the selecting officer as one of the best qualified candidates.

█ Appellant presented evidence showing that although before 1969 he had received several promotions, during the period from 1969 to 1974 he had applied for approximately 25 vacancies for which he was eligible and well qualified, but that he had been passed over each time. He argues that the only logical conclusion is that the agency did not give him prior consideration, since, he argues, the agency never presented persuasive reasons for failing to promote him. We note that the agency is not generally required to give its reasons for failure to promote, an area within its discretion. The record shows that in the only instance in which Rosser subsequently entered the competitive selection process after being passed over and was certified one of the best qualified candidates, the agency did comply with its procedure requiring a written statement of its reasons. The stated reason for failure to promote him in that instance: "Mr. Rosser was not considered one of the best candidates for the subject position," is sufficient to satisfy the Handbook requirements.

█ The record also shows that at least for some of the vacancies, appellant

was given prior consideration. Plaintiff introduced no evidence affirmatively showing the agency's failure to follow the required procedures in any instance. The evidence does show that, as to some of the earlier vacancies, the agency advertised for bids in the competitive selection process at the same time the priority repromotion consideration list was submitted to the selecting officer, but does not show that any of the nonpriority candidates were actually considered simultaneously with priority candidates. On this record, we cannot accept appellant's conclusion that the agency must not have followed its procedures, from the mere fact that appellant was denied promotion 25 times. Appellant has failed to show that the agency departed from the required standard of due process.

■ In *Jaeger* and *Chiriaco, supra,* we assumed, without deciding, that this court might have the power to review agency action on the merits if the action were "arbitrary or capricious." Appellant urges us to declare that the FAA's failure to promote him was arbitrary and capricious, on the ground that he was denied promotion because of a letter to a local newspaper appellant wrote in 1969, in opposition to a proposed airport authority tax favored by the FAA hierarchy. The record shows that immediately after the letter appeared, Rosser's supervisor requested him to publicly disclaim that his views represented those of the FAA. Appellant Rosser theorizes that his subsequent inability to obtain repromotion stemmed from his superiors' wrath, rather than from an objective selection process. Unfortunately, once again appellant has moved from premise to conclusion without affirmative evidence to support his theory. The record shows no affirmative evidence that the letter to the paper was a factor in the decisions not to promote appellant to any of the subsequent vacancies. Even assuming our scope of review of agency action allows us to take cognizance of arbitrary and capricious action, we agree with the district court that appellant has failed to make out a prima facie case of arbitrary and capricious action by the FAA.

■ Finally, plaintiff argues that he was prevented from presenting a prima facie case because the agency deliberately destroyed records pertaining to his applications and the applications of other candidates for the various vacancies. However, plaintiff never filed a motion to compel production of the allegedly crucial documents. Neither did plaintiff present any evidence as to when, how, or why such documents were destroyed, even after the court indicated that some evidence would be required for resolution of the issue. Record, Vol. I, p. 94. In view of appellant's failure to request the court to compel production of the documents and the absence of any evidence in the record showing that documents were deliberately destroyed, we conclude that this argument is without merit.

In conclusion, appellant has failed to make out a prima facie case of any violation of his due process rights by the FAA. Because we find for the agency on the merits, we do not reach the issues concerning the availability of back pay or monetary damages. The decision of the district court is

Affirmed.