11 F.3d 1074
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gerald W. TRAUNIG, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 93-3262.
 United States Court of Appeals, Federal Circuit.
 Nov. 18, 1993.
 
 Before NIES, Chief Judge, COWEN, Senior Circuit Judge, and SMITH, Senior Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Gerald W. Traunig appeals from the final decision of the Merit Systems Protection Board (MSPB or Board), in Docket No. BN0752800076C1. On September 25, 1992, Mr. Traunig filed a petition with the Board for enforcement of the MSPB decision of January 8, 1981, which reversed the agency's adverse action removing him from his position for cause. We affirm the Board's latest decision, which dismissed Mr. Traunig's petition for enforcement based upon the equitable doctrine of laches.
 
 DISCUSSION
 
 2
 This is the third action brought by Mr. Traunig for the purpose of obtaining restoration to the position he formerly held as Counseling Psychologist in the Regional Office of the Veterans Administration in Hartford, Connecticut.
 
 
 3
 Following the Board's decision of January 8, 1981, which reversed the agency's action of removal, the Veterans Administration restored Mr. Traunig to his position and awarded him backpay and benefits retroactive to the date of his removal. On September 6, 1983, the Veterans Administration removed Mr. Traunig for unacceptable performance and the agency's decision was upheld by the MSPB in a decision dated January 13, 1984, MSPB Docket No. BN04328310246. Mr. Traunig's efforts thereafter to obtain review by this court and by the Supreme Court were unsuccessful. See Traunig v. Veterans Admin., 27 M.S.P.R. 191, 192, aff'd without opinion, 785 F.2d 325 (Fed.Cir.1985), cert. denied, 479 U.S. 837 (1986). Mr. Traunig was represented by an attorney in the MSPB hearings that culminated in the Board's decisions of January 8, 1981, and January 13, 1984. The administrative judge found that petitioner had the regulations on the enforcement of its decisions when he was first removed in 1981 and that his attorney had such regulations available to him in the 1984 proceedings.
 
 
 4
 In his petition for enforcement, Mr. Traunig contended that the Veterans Administration failed to comply with the MSPB's regulations, 5 C.F.R. Secs. 1201.181-.183 (1980), in effecting his reinstatement and that in its 1981 decision, the MSPB failed to give him notice of his enforcement remedies. Therefore, he asserts that these actions and omissions constituted clear and harmful error that required the MSPB to hear his petition. In the proceedings involving his second removal that resulted in the MSPB decision of 1984, Mr. Traunig and his attorney had full opportunity to raise the enforcement issue. However, as the administrative judge found, he did not then contend that the unacceptable performance which resulted in his removal was based on the agency's failure to properly restore him after the Board had reversed the 1980 removal action.
 
 
 5
 Imposition of the equitable doctrine of laches requires two elements: 1) unreasonable and inexcusable delay by the petitioner; and 2) prejudice to the respondent because of the delay. See Brundage v. United States, 504 F.2d 1382, 1384-86 (Ct.Cl.1974), cert. denied, 421 U.S. 998 (1975), reversed in part on other grounds by Cornetta v. United States, 851 F.2d 1372, 1378 (Fed.Cir.1988) (en banc); see also Hoover v. Department of the Navy, 957 F.2d 861, 863 (Fed.Cir.1992). The MSPB found that petitioner's delay of nearly twelve years in filing his petition for enforcement was unreasonable and inexcusable and that the agency had shown that it would be severely prejudiced if it were required to demonstrate that it had complied with the Board's final order of 1981. Accordingly, the Board dismissed the petition on the ground that it was barred by the doctrine of laches.
 
 
 6
 The defense of laches is frequently invoked to bar claims in which civilians in government have unnecessarily delayed in seeking restoration to their former positions. Courts have sustained the use of this equitable doctrine in numerous cases in which the delays were far shorter than the twelve year delay of the present case. Litigation delays ranging from 11 months to 4 years and 5 months have provided sufficient grounds upon which the doctrine of laches has been invoked to bar individuals' claims. See generally Alpert v. United States, 161 Ct.Cl. 810, 820-21 (1963) (citing extensively cases in which the doctrine of laches was applied to bar recovery for a Government employee's claim of improper discharge). For example, a delay of only 11 months was deemed sufficient to preclude plaintiff's recovery in Norris v. United States, 257 U.S. 77 (1921).
 
 
 7
 In the present case, petitioner's delay in filing his petition for enforcement was extraordinarily long. It was almost twice as long as the six-year period allowed by the statute of limitations for filing any civil action against the United States. 28 U.S.C. Sec. 2401 (1988).
 
 
 8
 With respect to the element of prejudice, the Board found that the Veterans Administration would be severely prejudiced if it were required to demonstrate in 1992 that it had complied with the Board's final reinstatement order of 1981. We agree that it would be exceedingly difficult to litigate the issue of compliance under the present circumstances in which documents no longer exist and witnesses are not available. Furthermore, the Board found that the appellant presented no evidence and no argument on the issue of prejudice to the agency.
 
 
 9
 We have carefully reviewed the Board's decision under the standard prescribed by law and conclude that petitioner has failed to establish that the decision is arbitrary, capricious, an abuse of discretion, procedurally defective, unsupported by substantial evidence, or otherwise not in accordance with law. 5 U.S.C. Sec. 7703(c) (1988). Accordingly, the Board's decision is affirmed.[1]
 
 
 
 [1]
 In its alternative argument, respondent contends that Mr. Traunig's petition is barred by the doctrine of res judicata. However, because we have concluded that the Board's decision is dispositive, we do not address this contention